DEAN WITTER REYNOLDS, INC., and Norwest Bank Colorado Springs, N.A., f/k/a United Bank Of Colorado Springs, N.A., Petitioners,

v.

Laurence C. HARTMAN, Respondent.

No. 95SC57.

Supreme Court of Colorado,
En Banc.

March 4, 1996.

App. 1994), to determine whether the court of appeals erred in finding that the equitable tolling doctrine applies to defeat the statute of limitations where a litigant waited to bring action against the defendants until he had a positive result in a related action against a third party.[1] We find that since neither the actions of the defendants nor the lawsuit against the third party in any way impeded the litigant's right to file suit against the defendant, the doctrine of equitable tolling does not prevent the statute of limitations from running and therefore we reverse the judgment of the court of appeals.

## I

In 1981, Laurence Hartman and Norman Vaux II opened a joint account with Dean Witter Reynolds, Inc. (Dean Witter) in association with a real estate transaction between Hartman and Vaux. They deposited $50,000 in earnest money into the account and executed a letter of instruction as part of the agreement with Dean Witter, providing that authorization of both Hartman and Vaux was required before any withdrawal could be made from the account.

A dispute then arose between Hartman and Vaux, resulting in Vaux's suit against Hartman for fraud in the inducement of a contract. In 1984, while the Vaux action was pending, Vaux allegedly withdrew the earnest money and interest from the Dean Witter account without Hartman's authorization. Dean Witter issued the funds in the form of two checks made payable to both Hartman and Vaux. Vaux allegedly forged Hartman's indorsement and presented the checks to United Bank of Colorado Springs, N.A., now part of Norwest Bank Colorado Springs, N.A. (Norwest Bank), which allegedly accepted and negotiated the checks. Hartman claims that he discovered Vaux had withdrawn the money from the Dean Witter account approximately four months later, in August of 1984. He alleges he discovered

Brega & Winters, P.C., Charles F. Brega, Wesley B. Howard and Carla B. Minckley, Denver, for Petitioner Dean Witter Reynolds, Inc.

Braden, Frindt, Stinar & Stageman, L.L.C., C. Brian Renfro, Douglas M. Stimple and Suzanne Tillitt Peloquin, Colorado Springs, for Petitioner Norwest Bank Colorado Springs.

David B. Savitz, Denver, for Respondent.

Justice KOURLIS delivered the Opinion of the Court.

We granted certiorari in *Hartman v. Dean Witter Reynolds, Inc.*, 897 P.2d 842 (Colo.

---

**1.** We also granted certiorari on the following issue: "In the alternative, if the doctrine of equitable tolling may be applied to the present action, did the Colorado Court of Appeals err when it failed to remand this action to the District Court to balance the equities and determine whether the statute of limitations should be tolled?" This issue is mooted by our decision on the threshold issue.

that Vaux had deposited the money into Norwest Bank in December of 1984.

The trial court in the action between Hartman and Vaux entered judgment for Vaux in October of 1984, awarding him the amount of the funds from the joint account, including earned interest, and $60,233 in damages on the fraud in the inducement claim. Hartman appealed and in June of 1988 the court of appeals reversed and remanded the case to the trial court. In 1990, the trial court found that Vaux had ratified the contract and awarded Hartman damages on his counterclaim in the amount of the earnest money plus interest.

Three years later, in 1993, Hartman brought action against Dean Witter and Norwest Bank. His claims against Dean Witter were based on breach of contract and negligence in issuing the checks. His claims against Norwest Bank were based on negligence, conversion and violation of section 4–3–116(b), 2 C.R.S. (1973) (current version at section 4–3–110(d), 2 C.R.S. (1995 Supp.)), of the Colorado Uniform Commercial Code, in negotiating the checks without proper indorsement. Both Dean Witter and Norwest Bank raised the statute of limitations as affirmative defenses, specifically, section 13–80–110(1)(d), 6 C.R.S. (1973) (current version at section 13–80–101(1)(a), 6A C.R.S. (1995 Supp.)), limiting the period in which to bring a contract claim to six years, and section 13–80–110(1)(g), 6 C.R.S. (1973) (current version at section 13–80–102(1)(a), 6A C.R.S. (1995 Supp.)), limiting the period in which to bring a negligence claim to six years as well.[2]

Hartman argued that the statute of limitations had been equitably tolled by the action involving Vaux from October of 1984, when the trial court decided the case adversely to him, until November 30, 1990, when the trial court decision in that action became final. Hartman argued that he was precluded from pursuing his claims against Dean Witter and Norwest Bank because the trial court in the Vaux action had initially determined that he did not have a legal interest in the escrow money.

Both defendants moved to dismiss or, in the alternative, for summary judgment on the statute of limitations grounds. The trial court refused to apply the doctrine of equitable tolling to Hartman's claims. Instead, the district court granted summary judgment to both Dean Witter and Norwest Bank. Hartman appealed and the court of appeals reversed the trial court, holding that equitable tolling did apply. We granted certiorari and now reverse and remand to the court of appeals with directions to reinstate the trial court order granting summary judgment to Dean Witter and Norwest Bank.

## II

Statutes of limitation are enacted to promote justice, discourage unnecessary delay, and forestall prosecution of stale claims. *Rosane v. Senger,* 112 Colo. 363, 369, 149 P.2d 372, 375 (1944). At times, however, equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice. *See Garrett v. Arrowhead Improvement Ass'n,* 826 P.2d 850, 853 (Colo.1992), and cases cited therein.

We have applied the doctrine of equitable tolling where the defendant's wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner. *See, e.g., Garrett,* 826 P.2d 850 (tolling statute of limitations period where defendant employer failed to provide employee with report needed to file petition for workers compensation); *First Interstate Bank v. Piper Aircraft Corp.,* 744 P.2d 1197 (Colo.1987) (holding statute of limitations period subject to equitable tolling for fraudulent concealment of facts underlying wrong); *Strader v. Beneficial Finance Co.,* 191 Colo. 206, 551 P.2d 720 (1976) (tolling statute of limitations where defendant-lender knowingly withheld statutorily required disclosure of true interest rate to plaintiff-borrower); *Klamm Shell v. Berg,* 165 Colo. 540, 441 P.2d 10 (1968) (applying equitable tolling where plaintiff's mental incapacity, resulting from defendant's assault and battery, prevented timely filing of assault and battery charges). The principle underlying equitable tolling in these circumstances is that a person should not be per-

---

**2.** These statutory periods have since been shortened to three years for contract actions, § 13–80–101(1)(a), 6A C.R.S. (1995 Supp.), and two years for negligence actions, § 13–80–102(1)(a), 6A C.R.S. (1995 Supp.).

mitted to benefit from his or her own wrongdoing. *Garrett,* 826 P.2d at 854.

Other jurisdictions have applied equitable tolling in a second category of cases where extraordinary circumstances make it impossible for the plaintiff to file his or her claims within the statutory period. *See, e.g., Hanger v. Abbott,* 73 U.S. (6 Wall.) 532, 18 L.Ed. 939 (1867) (finding extraordinary circumstances tolling statute of limitations where courts in southern states were closed during Civil War); *Seattle Audubon Soc'y v. Robertson,* 931 F.2d 590 (9th Cir.1991) (applying equitable tolling where district court's erroneous enforcement of an unconstitutional statute barred plaintiff from filing claims in a timely manner), *rev'd on other grounds,* 503 U.S. 429, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992); *Osbourne v. United States,* 164 F.2d 767 (2d Cir.1947) (holding plaintiff's internment by Japan during World War II tolled limitations period on his claim arising immediately prior to his internment). The reasoning underlying these cases is that it is unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible.

### III

■ In the case before us, Hartman failed to file his claims against Dean Witter and Norwest Bank within the time allowed by section 13–80–110(1)(d) and section 13–80–110(1)(g). Hence, absent some basis for avoiding the application of the statute, Hartman's claims against the defendants are time-barred.

We find that Hartman's case fails to invoke equitable tolling of the statute of limitations under the test accepted in Colorado and does not present circumstances in which a new or expanded test should be adopted. Neither Dean Witter nor Norwest Bank acted in any way to impede Hartman from bringing an action against them. The facts show no fraudulent concealment by either institution,

but instead show that Hartman was aware of the defendants' actions in allowing the money to be withdrawn without approval of both Hartman and Vaux and in negotiating the forged checks well over six years before he filed this suit. Hartman could have brought his claims against Dean Witter and Norwest Bank the moment he learned of Vaux's actions. His failure to do so creates no reason in equity for a tolling of the statute of limitations.

Hartman argues that there are unusual circumstances surrounding his case which prevented him from bringing action against Dean Witter and Norwest Bank within the statutory period. He asserts, therefore, that general fairness requires a tolling of the statute of limitations. We disagree and find no extraordinary circumstances that prevented Hartman from filing his action within the statutory period.

Hartman cites the original decision by the trial court in the Vaux action awarding the escrow money to Vaux as the circumstances that prevented him from suing the defendants. He argues that this decision left him with no damages claim against the defendants and that without damages he had no cause of action.

The trial court initially entered judgment for Vaux in October of 1984 in the amount of all funds deposited in the joint account and $60,233 representing damages found to have been incurred by Vaux. That judgment was reversed by the court of appeals in June of 1988. Hartman's argument is that he had no cause of action against the defendants during that period of time because he had no ownership rights to the account.[3]

There are two interrelated issues encompassed within the purview of Hartman's argument. The first relates to the question of whether Hartman continued to have a substantive damages claim against Norwest Bank during the period when the first trial court order was extant.[4] The second relates to whether the 1984 trial court order could

---

3. He actually argues that the statute should be tolled for the entire period until the second trial court ruling in 1990. Since the original trial court judgment was overruled in 1988, any arguable finality it may have had expired at that time.

4. Regarding Hartman's claim that Norwest Bank violated § 4–3–116(b), 2 C.R.S. (1973) (current version at § 4–3–110(d), 2 C.R.S. (1995 Supp.)), Norwest Bank argues that damages for this claim are statutorily prescribed by § 4–4–103(5), 2 C.R.S. (1973) (current version at § 4–4–103(e), 2 C.R.S. (1995 Supp.)). Thus, Norwest Bank ar-

have been used to collaterally estop Hartman from pursuing a cause of action against Dean Witter and Norwest Bank even though it was on appeal.[5] Because Hartman sat on his rights, we have no record or basis upon which to resolve these two issues conclusively at this stage of the proceeding.

We conclude that the burden was on Hartman to assert his causes of action against Dean Witter and Norwest Bank, either by joining them in the original lawsuit or by filing a separate case and litigating the two issues we have identified. If that separate case had been filed, the trial court might well have decided to stay the action against Dean Witter and Norwest Bank until the decision in the Vaux action became final. The extraordinary circumstances basis for applying equitable tolling requires good faith efforts on the part of the plaintiff to pursue his or her claims. Because Hartman had options on which he did not act, we find a lack of good faith effort on his part to bring these claims in a timely manner, and hence decline to apply equitable tolling.

The court of appeals relied on two cases in making its decision that Hartman's situation merited an equitable tolling of the statute of limitations. The court of appeals analogized the unusual circumstances in these two cases to those faced by Hartman. We, however, find the reasoning in those cases inapplicable to the facts here.

The first of these cases was *Haffke v. Linker*, 30 Colo.App. 76, 489 P.2d 1047 (1971), *cert. dismissed*, 178 Colo. 456, 514 P.2d 633 (1973). *Haffke* concerned a claim brought on a promissory note after the statute of limitations had run. The same parties had been involved in continuous litigation over ownership of the note since its due date. Because collection on the note could not be addressed until its ownership had been de-termined, the court of appeals held that the statute of limitations could not be asserted as a defense. *Haffke*, 30 Colo.App. at 80, 489 P.2d at 1049.

The collection claim in *Haffke* depended entirely on the ownership of the note. Here, in contrast, Hartman's allegations of wrong-doing by Dean Witter and Norwest Bank existed independently of the action against Vaux. Regardless of who the rightful owner of the money in the joint account was, be-cause Hartman's name was on the joint ac-count, the actions of Dean Witter or Norwest Bank were allegedly still violations of their duty to him. With the exception of the issue of damages, the trial court's ruling would not have affected Hartman's underlying claims against Dean Witter and Norwest Bank in any way.

The court of appeals also relied on *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991), in tolling the statute of limitations. *Hughes* concerned a couple litigating an adoption case against the biological parent. The couple later brought a malpractice claim against the attorney who represented them in the adoption case. The attorney raised a defense based on expiration of the statute of limitations. However, the court tolled the statute of limitations from the time when the cause of action arose to the point where all of the appeals in the underlying adoption case had been exhausted. The court found that otherwise, the couple would have been forced to claim that the attorney committed mal-practice while they were still pursuing the underlying adoption case, and that this would have put the couple in an inherently inconsis-tent posture that could have injured their interests in the underlying litigation. *Hughes*, 821 S.W.2d at 156–57.

Hartman's claims against Dean Witter and Norwest Bank are not at odds with his

---

gues that damages under this claim are independent of any damages in the Vaux action. However, this court has held that to prove damages under § 4–4–103(5), a customer must establish that he suffered an actual loss resulting from the bank's action. *Isaac v. American Heritage Bank*, 675 P.2d 742, 744 (Colo.1984).

5. Whether a judgment is final for purposes of collateral estoppel when that judgment is on appeal is not an issue that has been raised or briefed by the parties. This court has not previ-ously addressed the issue directly, but has ana-lyzed the components necessary for finality in *Carpenter v. Young*, 773 P.2d 561, 565–68 (Colo. 1989). The court of appeals has directly held that a judgment on appeal is nonetheless final for purposes of collateral estoppel. *A.B. Hirschfeld Press, Inc. v. Denver*, 779 P.2d 1356, 1359 (Colo. App.1988), *aff'd on other grounds*, 806 P.2d 917 (Colo.1991); *Bunnett v. Smallwood*, 768 P.2d 736, 740 (Colo.App.1988), *aff'd on other grounds*, 793 P.2d 157 (Colo.1990).

claims against Vaux, but instead are completely consistent; in both cases Hartman asserted that the escrow money was wrongfully released from the Dean Witter account and that the checks were wrongfully deposited into Norwest Bank. Bringing both actions simultaneously would neither have placed him in an inconsistent position nor injured his interests in either action. Hartman could have brought a separate action against the defendants or joined them as parties to the Vaux action as soon as he had knowledge of the events that had occurred. Instead, his decision to wait over eight years without providing notice of potential action to the defendants is not justified by the circumstances.

## IV

Statutes of limitation recognize that eventual repose creates desirable security and stability in human affairs. By penalizing unreasonable delay, statutes of limitation compel litigants to pursue their claims in a timely manner. Thus, an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts.

Fairness does not require equitable tolling in this case. Neither the defendants nor extraordinary circumstances stood in the way of Hartman's filing suit within the statutory period. Only the plaintiff's own inaction prevented him from filing in a timely manner. We refuse to apply the doctrine of equitable tolling under these circumstances and thus reverse and remand the case to the court of appeals with directions to reinstate the trial court's summary judgment in favor of the defendants.

LOHR, J., dissents.

Justice LOHR dissenting:

The majority's resolution presents the plaintiff with the dilemma of choosing between two equally unpalatable and potentially damaging "options." I believe this result is inequitable and should give rise to equitable tolling of the statute of limitations on plaintiff's claims against Dean Witter and Norwest. Therefore, I respectfully dissent.