**Wallace R. NOEL and Robinette Noel, Plaintiffs–Appellants,**

v.

**Wayne HOOVER and Hoover, Harris & Co., P.C., Defendants–Appellees.**

**No. 99CA0128.**

Colorado Court of Appeals, Div. III.

March 30, 2000.

Certiorari Denied Oct. 23, 2000.

Barnett, Berrett, King & Southam, LLC, David M. Berrett, Aurora, Colorado, for Plaintiffs–Appellants.

Timmins & Associates, LLC, Edward P. Timmins, Jo Deziel Timmins, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

In this action for professional negligence, plaintiffs, Wallace R. Noel and Robinette Noel, appeal the summary judgment in favor of defendants, Wayne Hoover and Hoover, Harris and Company, P.C. (collectively Hoover), on the basis that their action was barred by the applicable statute of limitations. We affirm.

As pertinent here, Hoover prepared federal and state income tax returns for the Noels for the 1990 tax year. In February 1994, the Criminal Investigation Division of the United States Department of Treasury advised the Noels that it was recommending criminal prosecution based on the willful signing of a fraudulent tax return. The potential criminal prosecution was based on the reporting of a stock transfer on the Noels' 1990 tax return. In addition, in April 1994, the Regional District Counsel for the Internal Revenue Service (IRS) advised the Noels that it was considering filing civil and criminal proceedings against them for filing a materially incorrect tax return. The Noels retained legal counsel and began incurring costs and legal fees as a result of these investigations in April 1994.

In August 1994, the IRS issued a notice of deficiency. The notice stated that the 1990 tax return incorrectly reported the stock transfer and that the Noels owed an additional $815,589 in taxes and $611,692 in fraud penalties.

The Noels challenged the notice of delinquency in the tax court. In the spring of 1997, following a trial, the tax court ruled that the Noels owed an additional $488,718 in taxes for 1990, but that they were not liable for any penalties. At about this time, the criminal proceedings were also dropped.

On October 31, 1997, the Noels brought this action against Hoover alleging professional malpractice. Following the completion of certain discovery, Hoover moved for summary judgment, asserting that the Noels' action was barred by the two-year statute of limitations for negligence actions set forth in § 13–80–102(1), C.R.S.1999. Before the Noels filed a response, the trial court grant-

ed Hoover's motion and dismissed the complaint.

On appeal, we note that the Noels have not specifically challenged the determination that their action would be barred by the two-year limitation period set forth in § 13–80–102(1). Rather, they argue that extraordinary circumstances exist which require that the running of the statute of limitations be equitably tolled. We disagree.

■ An action for professional negligence is barred if it is not brought within the two-year period allowed by § 13–80–102(1). *Miller v. Byrne,* 916 P.2d 566 (Colo.App.1995) (attorney malpractice). Several other jurisdictions have held that the issuance of a notice of deficiency from the IRS is the last possible date for triggering the running of the statute of limitations in an action for professional negligence against an accountant. *See e.g., Streib v. Veigel,* 109 Idaho 174, 706 P.2d 63 (1985) (statute of limitations in accountant malpractice action triggered when tax deficiency issued); *LaMure v. Peters,* 122 N.M. 367, 924 P.2d 1379 (N.M.App. 1996) (malpractice action against accountant accrues when client receives notice of tax deficiency); *Sladky v. Lomax,* 43 Ohio App.3d 4, 538 N.E.2d 1089 (1988) (citing cases from other jurisdictions which have found that actions against accountants for negligent preparation of income tax returns do not accrue until the plaintiff is notified by the IRS); *Murphy v. Campbell,* 964 S.W.2d 265 (Tex.1997) (court held that the statute of limitations began to run in an accountant malpractice case, at the latest, when the plaintiffs received a notice of deficiency from the IRS); *but see Ackerman v. Price Waterhouse,* 84 N.Y.2d 535, 620 N.Y.S.2d 318, 644 N.E.2d 1009 (1994) (statute of limitations in malpractice action against accountant begins on date accountant's work product is received by client, not on date IRS assesses tax deficiency). *See generally,* Michael J. Weber, Annotation, *Application of Statute of Limitations to Actions for Breach of Duty in Performing Services of Public Accountant,* 7 A.L.R.5th 852 (1992). The Noels do not appear to challenge that rule here. Thus, absent application of the doctrine of equita-

ble tolling, the Noels' action would be time-barred.

■ The doctrine of equitable tolling is limited to situations in which either the defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner or truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts. The extraordinary circumstances basis for equitable tolling requires the plaintiff to make a good faith effort to pursue any claims. *Dean Witter Reynolds, Inc. v. Hartman,* 911 P.2d 1094 (Colo.1996).

■ Here, the Noels have not asserted nor is there any indication that Hoover in any way impeded them from bringing this action within the two-year period. Rather, they claim that they would have been required to assert entirely inconsistent positions in the different proceedings with regard to the propriety of Hoover's reporting of the stock transfer on their 1990 tax return. Thus, because they relied on their accountant's testimony in the tax court proceedings, the Noels argue that it would not have been appropriate to bring this action until the proceedings with the IRS had been concluded.

Although the Noels may have had valid strategic reasons for not pursuing a claim against their accountant during the pendency of the IRS proceedings, we conclude that the supreme court's opinion in *Dean Witter Reynolds, Inc. v. Hartman, supra,* precludes application of the doctrine of equitable tolling under the circumstances presented here.

As the record reflects, in April 1994, the Noels began incurring costs and legal expenses as a result of Hoover's treatment of the stock transfer on their 1990 tax return. Thus, at a minimum, the Noels had an incentive to recover those costs and expenses even if the outcome of the IRS proceeding had been completely in their favor. Additionally, nothing prevented them from timely filing the present action and requesting a stay pending the outcome of the IRS proceedings. Because the Noels failed to pursue such an option here, we have no record on which to conclude that the trial court would not have

granted such relief. *See Dean Witter Reynolds, Inc. v. Hartman, supra.*

Accordingly, we reject the Noels' reliance on decisions by the Texas Supreme Court in *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154 (Tex.1991), and *Sanchez v. Hastings,* 898 S.W.2d 287 (Tex.1995). In those actions, the court applied the doctrine of equitable tolling when the bringing of an attorney malpractice action would have required the plaintiffs to assert inconsistent positions that could have injured their interests in the underlying litigation. We note, however, that our supreme court in *Dean Witter Reynolds, Inc. v. Hartman, supra,* distinguished *Hughes,* finding that it was inapplicable to the facts of the case before it. Significantly, we also note that the Texas Supreme Court has limited its holding in *Hughes* to attorney malpractice cases. *See Murphy v. Campbell, supra* (court refused to apply the *Hughes* rationale to accountant malpractice cases).

Therefore, because the Noels failed to make a good faith effort to bring their claims in a timely manner, we conclude that the doctrine of equitable tolling is not applicable to this action. Accordingly, the trial court did not err in determining that the Noels' lawsuit was barred by the two-year statute of limitations. *See Dean Witter Reynolds, Inc. v. Hartman, supra.*

In reaching this conclusion, we acknowledge the merit of the Noels' position. Permitting equitable tolling of the malpractice action until the completion of the underlying tax court proceedings would conserve judicial resources. *See Peat, Marwick, Mitchell & Co. v. Lane,* 565 So.2d 1323 (Fla.1990) (statute of limitations did not begin to run until entry of judgment by Tax Court, where accountant disagreed with IRS deficiency notice and advised court action). Additionally, it would alleviate the problems associated with requiring a party to sue an accountant at the same time the accountant is testifying on their behalf in the tax proceeding. It would also prevent a party from having to take inconsistent positions in the two different forums. This would eliminate the possibility that facts alleged by the party in one action would be used against that party in the other action. Finally, it would prevent a tax preparer from being subject to needless actions if its client ultimately prevailed against the IRS. *See International Engine Parts, Inc. v. Feddersen & Co.,* 9 Cal.4th 606, 38 Cal.Rptr.2d 150, 888 P.2d 1279 (1995) (considering such factors in holding that a cause of action for accountant malpractice did not accrue until the IRS had issued final tax deficiency assessment). Nevertheless, we are bound to apply the supreme court's decision in *Dean Witter Reynolds, Inc. v. Hartman, supra,* in this action.

In view of our holding, we need not address the Noels' contention that the trial court erred in granting Hoover's motion prior to the expiration of the time allowed by C.R.C.P. 121 § 1–15 for a response. *See Benson v. Colorado Compensation Insurance Authority,* 870 P.2d 624 (Colo.App.1994) (absent a showing of prejudice, any error in granting motion prior to the time allowed by C.R.C.P. 121 § 1–15 for filing a response is harmless).

The judgment is affirmed.

Judge JONES and Judge NEY concur.