**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUSTIN JOSEPH RUEB,

      Plaintiff-Appellant,

v.

LOUIS MORALES; SCOTT MILLER;
TINA HOLMES; GEORGE
MATHIAS; STEVE HERSHEY;
JAMES JARVIS; CRAIG COLEMAN;
MELANIE GREGORY; SUSAN
ARGO; JAMES J. LONG; JAMES
WILBOURN; ALBERT MILLER;
JASON HOLT; JEREMY WHYTOCK;
MICHAEL CAREY; JOHN WORK;
SGT. BAILEY; DEP. ROMERO;
G. ROGERS; FRANK SHEESLEY;
J. CALDWELL; D. NOLDER,
also approx. 30 John & Jane Doe
defendants; ADAMS COUNTY,
COLORADO; ADAMS COUNTY,
BOARD OF COUNTY
COMMISSIONERS; ADAMS
COUNTY SHERIFF'S
DEPARTMENT; ADAMS COUNTY
DETENTION FACILITY; WILLIAM
SHEARER; CANDACE CARLSON;
LES ECKER; SGT. ARGO; WILLIAM
FARR; LISA SCHILLER; JANE
BELL; DEP. GRIGG; DEP. DEBACA;
DEP. O'BEREN; DEP. LITWEILER;
DEP. CRAWFORD; DEP. SAN
NICOLAS; DEP. ORTIZ; DEP.
GERDEMAN; DEP. POLLOCK; DEP.
J.S. STANELLE; DEP. J. DAY;

No. 02-1267
(D.C. No. 99-RB-1093 (PAC))
(D. Colo.)

DEPUTY WALKER; DEP. THOMATOS; DEP. VONCHAMP; TERRY HOWARD; MICHELLE PURSLEY; NURSE EVETTE; NURSE JOEY; NURSE MARY; DR. NOVINSKI; CORKY BACKLUND, Approx. 66 John/Jane Doe's; DAVID JACCOBUCI; T. STEMBEL; ESPINOZA; DENNIS; O'REILY; H. NIMROD; WILLIAMS; ADAMS; ALBERTI; SCHUMACHER; S. TYRELL; MORGEN; T. DUFFY; ESPINOSA; B. SMITH; ROTH; WYKOFF; PHILLIPS; WIGGINS,

Defendants-Appellees,

and

LT. WILBOURNE; JEFF HOLT; SUSAN ANDREWS; DEP. WHYTOCK; SGT. MILLER; BILL SHEARER; DEP. CAREY; SGT. LONG; JAMES ECKARD; TERRY HERRIED,

Defendants.

---

**ORDER AND JUDGMENT** [*]

---

Before **SEYMOUR** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Justin Rueb, a state prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. In a forty-count amended complaint, Rueb alleged that the Adams County, Colorado Sheriff and numerous Adams County deputy sheriffs and employees violated his constitutional rights while he was a pre-trial detainee at the Adams County Detention Center. The district court adopted all of the magistrate judge's numerous reports and recommendations (R&R), which had recommended dismissal of some or all of the claims.

We issued a show cause order directing the parties to address whether the appeal met the finality requirement of 28 U.S.C. § 1291. We have determined that the appeal does meet this requirement and that we do have jurisdiction under § 1291. We affirm in part, reverse in part, and remand for further proceedings.

## I. Sanction Dismissal

The district court dismissed the complaint in its entirety with prejudice based on a R&R stating that Rueb had failed to comply with a March 15, 2001,

-3-

court order either to make the February and March 2001 monthly filing fee payments required by 28 U.S.C. § 1915(b) or to show cause why he had insufficient means to make such payments. R. Docs. 153 at 1-2, 187 at 1, and 284 at 5. Rueb filed a timely response to this order demonstrating that his monthly income from September 2000 through February 2001 never exceeded $10.00, and that he had a negative $435.97 prison trust account balance as of February 13, 2001. Doc. 154 at 3-4. Despite his lack of funds and his timely response, the magistrate judge recommended Rueb's complaint be dismissed with prejudice as a sanction for failure to comply with the March 15, 2001 show cause order. Doc. 187 at 2.

The R&R did not explain how Rueb failed to comply with the court order and made several errors. First, Rueb was not obligated under § 1915(b) to make a February or March 2001 payment because he had a long-standing negative account balance, and the amount in his account for these months did not exceed $10.00. 28 U.S.C. § 1915(b)(2) (stating that payment required only when amount in account exceeds $10.00). Rueb noted this in response to the show cause order and in his objections to the R&R. R. Docs. 154 at 1-2 and 191 at 2-4. Second, the show cause order referred only to missed payments in February and March 2001, Doc. 153 at 2, yet the R&R stated the March 2001 show cause order was based on missed payments in April, May, June, and July 2001, Doc. 187 at 1.

Missed payments in those months, however, had not been the subject of any show cause order. Moreover, even if Rueb had somehow failed to comply with the show cause order, neither the magistrate judge nor the district court addressed the relevant factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), which must ordinarily be considered by the court before choosing dismissal as a just sanction. *See id.* at 921. We therefore reverse the dismissal of Rueb's complaint for failure to comply with the March 15, 2001 show cause order.

## II. Mandatory Exhaustion of Prison Remedies

We decline, with one exception noted in Part IV below, to address any of Rueb's remaining allegations of error because the magistrate judge incorrectly concluded Rueb was not required to exhaust his administrative remedies. As a result, additional proceedings will now ensue on remand that may result in different resolutions of Rueb's claims.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions" until a prisoner exhausts his available administrative remedies." 42 U.S.C. § 1997e(a); *see also* 42 U.S.C. § 1997e(h) (defining "prisoner" to include a pre-trial detainee). The magistrate judge concluded at the outset of this case that Rueb's complaint was not subject to PLRA's exhaustion requirement because he sought only monetary relief, which

-5-

was not an available remedy to pre-trial detainees at the Adams County Detention Center.  *See* R. Doc. 132 at 14.  The magistrate judge relied upon this circuit's ruling in *Garrett v. Hawk*, 127 F.3d 1263, 1267 (10th Cir. 1997), but shortly after the R&R was issued, *Garrett* was overruled by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001).  *Booth* held that even where an inmate seeks money damages and the grievance process does not permit such awards, exhaustion is required as long as there is authority to take some responsive action. *Id.* at 736-41.

It is now clear that exhaustion of available prison remedies is "mandatory" for all "inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).  "Congress ha[s] eliminated both discretion to dispense with administrative exhaustion and the condition that it be 'plain, speedy, and effective.'"  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (quoting *Booth*, 532 U.S. at 739).  Neither the parties nor the court can ignore PLRA's exhaustion requirement, even if the issue is first recognized on the eve of trial. *See Steele v. Fed. Bureau of Prisons*, __ F.3d __, 2003 WL 23019855, at *4-6 (10th Cir. Dec. 29, 2003) (No. 02-1492).  On remand, the district court shall address in the first instance whether Rueb satisfied his exhaustion requirements under PLRA.  *See id*. at 5-6.

### III. Tolling Arguments

The district court adopted the magistrate judge's recommendation to dismiss most of the forty claims in the first amended complaint as time-barred under the applicable two-year statute of limitations. *See Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994) (applying Colorado's two-year personal injury limitations period to § 1983 claims). In doing so, the magistrate judge rejected Rueb's tolling arguments, two of which may be affected by the PLRA exhaustion requirement.

First, Rueb argued that the statute of limitations should be tolled during the period in which he attempted to exhaust his administrative remedies. The magistrate judge rejected this argument based on the incorrect premise that exhaustion was not required. Colorado law governs the tolling issue in this § 1983 case. *See Fratus v. DeLand,* 49 F.3d 673, 675 (10th Cir. 1995). As the magistrate judge noted, Colorado recognizes equitable tolling when circumstances make it impossible for a plaintiff to file his claims within the statutory limitations period. *See, e.g., Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1097-98 (Colo. 1996) (equitable tolling may apply where extraordinary circumstances prevent plaintiff from filing timely claim despite good faith effort); *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 853 (Colo. 1992) ("equity provides a basis for tolling a statute of limitations in appropriate circumstances").

Although we decline to decide the legal issue in the first instance, we do conclude that Rueb has raised at least a colorable claim that Colorado would equitably toll the relevant statute of limitations during the actual exhaustion of administrative remedies required by 42 U.S.C. § 1997e(a). *See Gartrell v. Gaylor*, 981 F.2d 254, 258 (5th Cir. 1993) (remanding case for determination whether Texas would permit equitable tolling in view of requirement that plaintiff exhaust prison grievance procedures before filing § 1983 action).

Second, Rueb argued he should be able to pursue his claims outside the limitations period under a continuing violation theory. The district court rejected this argument, relying by analogy on *Thomas v. Denny's, Inc*., 111 F.3d 1506 (10th Cir. 1997), in which this circuit reasoned that "the continuing violation theory is a creature of the need to file administrative charges, and because [the relevant] claim does not require filing such charges before a judicial action may be brought, the continuing violation theory is simply not applicable." *Id.* at 1514. While we decline to decide in the first instance whether a continuing violation theory may be applied to § 1983 claims, we do conclude that the district court erred in rejecting this theory on the now-overruled premise that Rueb was not obligated to pursue administrative remedies before bringing suit. On remand,

the district court should reconsider these two tolling arguments in light of

§ 1997e(a)'s mandatory exhaustion requirement. [1]

## IV. Third Amendment

We do affirm the district court's denial of Rueb's requests to file a third

amended complaint, for the reasons stated in the relevant R&Rs. R. Doc. 185

---

[1]    The district court's summary adoption of the numerous R&Rs created confusion with respect to its intended disposition of several claims. The magistrate judge concluded claim seven was partially time-barred and failed to state a claim, R. Doc. 132 at 18, 23, but did not include it in the summary listing of dismissed claims, *see id*. at 31. A subsequent order amended the R&R to recommend dismissal of claim seven for failure to state a claim, *see* Doc. 206 at 1, 3, but the district court did not dismiss claim seven in its final order, except to the extent it (erroneously) dismissed the entire complaint as a sanction.

The initial R&R describes claim eight as dismissed in its entirety, dismissed in part, and as not dismissed. Doc. 132 at 31. The magistrate judge later described claim eight as time-barred in its entirety, *see* Doc. 185 at 11, but entered a subsequent order clarifying that claim eight was not dismissed as time-barred, *see* Doc. 206. Still later, the magistrate judge recommended denial of Rueb's motion for partial summary judgment on claim eight because there were disputed issues of material fact. *See* Doc. 258 at 4. The district court adopted all of the R&Rs, without noting their inconsistencies, and ordered claim eight dismissed as time-barred in part and in whole, yet also adopted the recommendation that claim eight proceed to trial. Doc. 284 at 4, 5.

The district court's order does not list claims six and fourteen in the final listing of time-barred claims, though these claims were described in the body of the relevant R&R as time-barred and are not listed as claims that survived dismissal. *See* Doc. 132 at 2, 4, 18, 31. Finally, the district court listed claims fifteen and thirty-five as being dismissed as time-barred both in whole and in part. To the extent required after resolution of the exhaustion and tolling issues, the district court is directed on remand to clarify its disposition of claims six, seven, eight, fourteen, fifteen, and thirty-five.

and 217.  The district court had already allowed two amended complaints, and it did not abuse its discretion in refusing to allow a third amendment.  *See Uselton v. Commercial Lovelace Motor Freight, Inc.*, 940 F.2d 564, 586-87 (10th Cir. 1991).

Rueb's motion to use the original record is GRANTED; his motion to file multiple opening briefs is GRANTED; his motion to strike appellees' brief is DENIED; his motion to Supplement Opening Brief No. 1 is GRANTED. We GRANT Rueb's motion to proceed in forma pauperis, and remind him that he is obligated to make partial payments of the filing fee until the entire fee has been paid.  *See* 28 U.S.C. § 1915(b).  The judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Stephanie K. Seymour
Circuit Judge