**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TYRON DUANTE SMALL,

          Plaintiff–Appellant,

v.

DETECTIVE JEFF HUDDLESTON;
DETECTIVE, MARK
CHACON; OFFICER, DANIEL
THOMPSON,

          Defendants–Appellees.

No. 12-1360
(D.C. No. 1:11-CV-02337-MJW )
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

The district court dismissed Tyrone Duanté Small's pro se[1] civil rights complaint

based on the statute of limitations.[2] The only issue on appeal is whether he is entitled to

equitable tolling.

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

# I. BACKGROUND

On June 2, 2009, Small was arrested for sexual assault. He was acquitted by a jury on March 12, 2010. On February 28, 2011, he filed a complaint against the alleged victim and the Colorado District Attorney who prosecuted his case. That case, No. 11-CV-493 BNB, was dismissed without prejudice on June 7, 2011, after he failed to file an amended complaint as directed by the court. He did not re-file the case or attempt to appeal from the dismissal.

Three months later, on September 6, 2011, Small filed this case. His desultory pleadings were problematic. After a couple of tries,[3] he filed a second amended complaint[4] against Colorado Springs Police Officers Jeff Huddleston, Mark Chacon and Daniel Thompson. According to the complaint, Chacon and Thompson referred Small's name to Huddleston as a rape suspect and, due to Huddleston's shoddy investigation,[5] Small was improperly arrested and charged with several counts of sexual assault. The complaint set forth two claims: (1) he was arrested without probable cause in violation of the Fourth Amendment and deprived of his liberty without due process and (2) municipal

---

[1] We liberally construe Small's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] The parties consented to disposition of the case by a magistrate judge. *See* 28 U.S.C. § 636(c).

[3] His case was screened by the district court pursuant to 28 U.S.C. § 1915(e). That process resulted in amendments to the pleadings.

[4] Defendants and the district court referred to this complaint as the third amended complaint. However, it is more accurately described as a second amended complaint.

[5] His complaints about the investigation center on two matters: (1) failure to interview him and (2) failure to uncover inconsistencies in the victim's story.

liability.[6] He sought compensatory and punitive damages for every day he spent incarcerated on the sexual assault charges–from arrest until acquittal–and expungement of the sexual assault case from his record.

Defendants moved to dismiss based on, inter alia, the statute of limitations. The district court granted the motion. Because the only issue on appeal is equitable tolling, we do not discuss the court's statute of limitations reasoning except to say it was sound. It came down to this–because Small was arraigned on July 23, 2009, the statute of limitations began to run that day, giving him until July 23, 2011, (two years) in which to file his claim; he did not do so until September 6, 2011.[7] Small raised equitable tolling of the limitations period but the district court did not address it.[8]

---

[6] His second amended complaint does not name a municipal defendant but his prior pleadings did. The district court was most solicitous of Small's pro se pleading; it briefly addressed municipal liability, noting it too would be subject to the same statute of limitations considerations.

[7] The district court rejected Small's argument that it should consider his complaint in Case No. 11-CV-493 BNB, which was filed in February 2011 and thus within the limitations period. Because that complaint had been filed in a separate case, the court determined the complaint in this case could not relate back to it. *See Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000). Small does not contest this ruling on appeal other than to argue the filing of his February 2011 complaint demonstrates he diligently pursued his claims.

[8] After the court's dismissal order, Small moved to amend the second amended complaint. He claimed to have newly discovered evidence concerning equitable tolling and he "need[ed] to file all the proper legal sites [sic] to give [him] the proper defense when his constitutional rights has [sic] been clearly violated . . . ." (R. at 194.) The court denied his request as moot. He does not challenge this ruling on appeal.

## II. DISCUSSION

Small does not contest the district court's statute of limitations analysis. His entire focus (until his reply brief) is on equitable tolling.

We apply Colorado's equitable tolling rules. *See Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). "[A]n equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). "The extraordinary circumstances basis for equitable tolling requires the plaintiff to make a good faith effort to pursue any claims." *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000).

Small does not claim defendants impeded his ability to bring his claims in a timely manner. Rather he argues: (1) his incarceration on the sexual assault charges prevented him from discovering his claims and (2) bringing his civil case while he was facing charges would have been self-incriminating. He also claims to have made good faith efforts to pursue his cause of action, pointing to his February 2011 complaint against the victim and prosecuting attorney, which was dismissed according to him because he named improper defendants.[9] After that case was dismissed, he says he attempted to obtain the names of the proper defendants and unsuccessfully requested documents and

---

[9] Actually, it was dismissed because Small failed to file an amended complaint as directed by the court.

discovery material from the prosecutor and state court. He re-filed this suit three months later.

Small does not explain how his incarceration on the sexual assault charges prevented him from discovering his false arrest/false imprisonment claim until his acquittal or how the filing of such claim could have been used against him in his criminal case. Nor have we uncovered any Colorado cases holding incarceration alone amounts to an extraordinary circumstance preventing the timely filing of claims.

While it is less than clear, Small's argument appears to be that he could not bring a civil suit until his acquittal because such suit would have been dismissed under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which requires dismissal of § 1983 actions seeking damages for an allegedly unlawful *outstanding* conviction or imprisonment until the conviction or sentence has been reversed or otherwise set aside. The Supreme Court rejected this argument in *Wallace v. Kato*, 549 U.S. 384 (2007). It refused to extend *Heck* to civil cases, such as this one, which may simply impugn an "*anticipated future conviction*." 549 U.S. at 393. Tolling the limitations period for a false arrest/false imprisonment claim until an anticipated conviction is set aside, *Wallace* reasoned, would be "impractical" because it would call for speculation as to whether a conviction will result and whether the civil suit would impugn that conviction. *Id.* The proper procedure, the Court explained, is for the plaintiff to timely file his civil case and, if any obstacles arise with having both cases running concurrently, the trial court can stay the civil proceedings until the conclusion of the criminal case. *Id.* at 393-94.

Small has not demonstrated extraordinary circumstances preventing his timely filing of this case. Had he done so, equitable tolling still would be unavailing because he has not demonstrated diligence. He had over sixteen months after his acquittal (until July 23, 2011) to institute this action. He did not bring suit until September 6, 2011. The only evidence he provided to the district court of his efforts at obtaining information concerning his claims was a request for transcripts, which was denied on January 11, 2012, after the limitations period had already run. As to his February 2011 complaint, it was dismissed not because Small named improper parties (as he alleges) but because he failed to comply with the court's order to file an amended complaint naming proper parties.

In his reply brief to this court, he attaches additional documentation supporting his good faith efforts to timely file his case. We normally do not consider issues raised for the first time in a reply brief. *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002). And we do not now, except to note that all but one proffered document is dated after the statute of limitations had expired. The exception is a written request for the transcripts and discovery from his sexual assault case and a list of all district attorneys in Colorado. But even this document is not dated until six months after his acquittal. That is not diligence.[10]

---

[10] In his reply brief, he also argues, for the first time, that his claims should have been liberally construed as a malicious prosecution claim. Because a malicious prosecution claim does not accrue until favorable termination of criminal proceedings, the statute of limitations would not have started to run in this case until his acquittal on March 12, 2010, thereby making his September 12, 2011 complaint timely. *See*

**AFFIRMED.**

We **GRANT** Small's request to proceed on appeal without prepayment of the fees and remind him that he is obligated to continue making partial payments until the entire fee has been paid.[11]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

*Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008). However, as stated above, we do not address arguments raised for the first time in a reply brief. *Mora*, 293 F.3d at 1216.

Even if we considered this argument, the facts do not support a malicious prosecution claim. Small's complaint against defendants has always been that their poor investigation led to his arrest without probable cause, i.e., *without legal process*. As the Supreme Court explained in *Wallace*:

> [F]alse imprisonment consists of detention without legal process[.] [Therefore,] a false imprisonment ends once the victim becomes held *pursuant to such process*– when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process.

549 U.S. at 389-90 (citations omitted); *see also Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008) ("Unlike a false arrest or false imprisonment claim, malicious prosecution concerns detention only after the institution of legal process.") (quotation marks omitted). Small's untimely attempt to recast his claims as a malicious prosecution claim to avoid the running of the statute of limitations fails.

[11] Because Small is a prisoner, the Prison Litigation Reform Act (PLRA) requires him to pay the full amount of a filing fee through assessments from his prison trust fund account, with payments being forwarded to the Clerk of the Court from the inmate's custodian. *See* 28 U.S.C. § 1915(b)(1), (2).