**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 17, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SCOTT WHITEFIELD,

    Plaintiff - Appellant,

v.

EXECUTIVE DIRECTOR OF THE
COLORADO DEPARTMENT OF
CORRECTIONS; THE STATE OF
COLORADO,

    Defendants - Appellees.

No. 24-1185
(D.C. No. 1:23-CV-02676-LTB-SBP)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Scott Whitefield, a Colorado prisoner proceeding pro se, appeals the dismissal

of his 42 U.S.C. § 1983 complaint alleging constitutional violations stemming from

the loss of a pair of prison-issued pants.[1] Because the district court correctly

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Whitefield's pro se filings, but we do not act as his advocate. _See Greer v. Moon_, 83 F.4th 1283, 1292 (10th Cir. 2023).

dismissed Whitefield's complaint as barred by the applicable statute of limitations, we affirm.

## Background

Whitefield's operative complaint alleges that in May 2019, he sent one of his three pairs of prison-issued pants to the prison's laundry department.[2] When the pants were not returned, he submitted a form for lost or stolen property to the laundry department, but to no avail: although funds were later withdrawn from his inmate account for a pair of replacement pants, he never received the replacement and was then unable to obtain a refund. The prison denied each of Whitefield's administrative grievances; he received the final denial in January 2020. He also unsuccessfully sought relief in state court.

In October 2023, Whitefield filed this action in federal district court, alleging that the loss of his pants violated his due-process, equal-protection, and Eighth Amendment rights. A magistrate judge granted Whitefield's motion to proceed in forma pauperis (IFP); screened his complaint under 28 U.S.C. § 1915(e)(2)(B) for frivolousness, failure to state a claim, and immunity; and ordered him to file an amended complaint that complied with the pleading guidelines in Federal Rule of Civil Procedure 8. In so doing, the magistrate judge specifically noted that Whitefield's claims premised on events that took place in 2019 might be barred by the applicable two-year statute of limitations. Whitefield filed an amended complaint

---

[2] At this stage, we accept Whitefield's well-pleaded allegations as true. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

that evidently did not fix his Rule 8 issues, and the magistrate judge recommended dismissing the amended complaint on that basis. But the magistrate judge later granted Whitefield's motion to file a second amended complaint and withdrew the recommendation to dismiss the first amended complaint.

After Whitefield filed his second amended complaint, the magistrate judge issued an order directing him to show why his claims were not barred by the statute of limitations or why the statute of limitations should be tolled. Whitefield responded and admitted he knew of his injury in October 2109, but he asserted that his injury was ongoing. The magistrate judge rejected Whitefield's arguments and recommended dismissing the complaint for failure to state a claim under § 1915(e)(2)(B)(ii) based on the statute of limitations. The district court adopted the recommendation over Whitefield's objections and denied his motion to proceed IFP on appeal.

Whitefield appeals.

## Analysis

Whitefield argues that the district court erred in dismissing his complaint as barred by the statute of limitations. Our review is de novo. *See Kay*, 500 F.3d at 1217.

Ordinarily, the statute of limitations is an affirmative defense that must be raised by a defendant. Fed. R. Civ. P. 8(c)(1). But if "the defense is 'obvious from the face of the complaint'" and no additional factual development is needed, a court may sua sponte dismiss the claim as untimely. *Fratus v. DeLand*, 49 F.3d 673, 674–

3

75 (10th Cir. 1995) (quoting *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987)).

We determine the statute of limitations in § 1983 actions like this one by looking "to the appropriate state statute of limitations and the coordinate tolling rules." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)). "[T]he statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued." *Id.*; *see also* Colo. Rev. Stat. § 13-80-102. And accrual occurs "when facts that would support a cause of action are or should be apparent." *Fogle*, 435 F.3d at 1258 (quoting *Fratus*, 49 F.3d at 675). But equitable tolling can pause a "limitations period when 'flexibility is required to accomplish the goals of justice.'" *Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004) (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996)). Tolling is typically available when "defendants' wrongful conduct prevented" timely filing or in other "'extraordinary circumstances.'" *Id.* (quoting *Dean Witter*, 911 P.2d at 1096–97). Critically, in either instance, a plaintiff seeking to benefit from equitable tolling must "make[] good[-]faith efforts to pursue the claims when possible." *Dean Witter*, 911 P.2d at 1097.

Here, the district court determined that Whitefield's cause of action related to the loss of his pants accrued no later than January 2020, when the prison denied his final grievance. To do so, it relied on Whitefield's admissions that he "became aware of the injury in October of 2019" and "became aware that the injury would not be relieved in January of 2020." R. 65–66 (quoting *id.* at 56). The district court further

4

concluded that equitable tolling was not available because Whitefield failed to show that he made a good-faith effort to pursue his claims within the limitations period.

Challenging these conclusions, Whitefield first argues that his injury is continually accruing because each time prison officials search and inventory his cell, as periodically required by prison policy, they learn that he has only two pairs of pants—at which point they must decide "to either take action to get [him] a pair [of] pants or . . . do nothing and let the injury occur . . . again." Aplt. Br. 10. But a claim accrues at a fixed point in time: "when the plaintiff has 'a complete and present cause of action.'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). And we agree with the district court that this point occurred when Whitefield's final administrative grievance was denied, in January 2020. Even though Whitefield's injury continues to exist, it *accrued* no later than when the prison denied his final administrative grievance.

Whitefield relatedly asserts that the ongoing nature of his injury justifies equitable tolling of the two-year limitations period, but this argument lacks merit. Whitefield points to no facts indicating extraordinary circumstances, conduct by defendants that prevented him from filing his claims within the limitations period, or his own good-faith efforts to file these claims within the limitations period. *See Dean Witter*, 911 P.2d at 1096–97. In short, equitable tolling exists to avoid "penaliz[ing] [a] plaintiff for circumstances outside [their] control," and Whitefield points to no such circumstances. *Id.* Thus, Whitefield is not entitled to equitable tolling, and his

5

October 2023 complaint was untimely under the applicable two-year statute of limitations.

## Conclusion

Because the statute of limitations bars Whitefield's claims, we affirm the district court's dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). But we grant Whitefield's motion to proceed IFP on appeal and remind him that he is obligated to continue making partial payments until the entire filing fee has been paid.

Entered for the Court

Nancy L. Moritz
Circuit Judge