# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2009

Charles R. Fulbruge III
Clerk

No. 09-60162
Summary Calendar

SERGIO ZAMARRIPA-TORRES,

Petitioner-Appellant

v.

BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED
STATES DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION
CUSTOMS ENFORCEMENT; BRUCE PEARSON, Warden, Federal
Correctional Center Yazoo City; ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:08-CV-299

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sergio Zamarripa-Torres (Zamarripa), federal prisoner # 20151-047, pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine in the District of Nebraska. According to Zamarripa's allegations, the Bureau of Immigration and Customs

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Enforcement (BICE) subsequently placed an immigration detainer on him. Zamarripa appeals the district court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and for writ of error coram nobis challenging his conviction and the detainer placed on him.[1]

Zamarripa argues that his claims met the requirements of the savings clause of 28 U.S.C. § 2255, thereby making them cognizable in a § 2241 petition. He maintains that his claims met the requirements of the savings clause of § 2255 because they relied upon multiple Supreme Court decisions.

In this court, Zamarripa does not challenge the district court's denial of his request for a writ of error coram nobis. Accordingly, Zamarripa has waived any challenge he could have raised to the denial of coram nobis relief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Zamarripa raised claims that his counsel was ineffective for not explaining to him the immigration consequences of his guilty plea and that he would be tortured if he were removed to Mexico, but he did not assert that a subsequent Supreme Court decision established that he was actually innocent of the crime of his conviction because his conduct had been decriminalized. Accordingly, to the extent that Zamarripa sought to challenge his conviction, his claims did not meet the requirements of the savings clause of § 2255, and they were not cognizable in a § 2241 petition. *See Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005).

The issuance of the detainer did not place Zamarripa "'in custody' for the purposes of 28 U.S.C. § 2241." *Zolicoffer v. United States DOJ*, 315 F.3d 538, 541 (5th Cir. 2003). As Zamarripa was not in custody under the detainer, the district court did not have jurisdiction under § 2241 to consider Zamarripa's challenges to the detainer. *See id.* at 540-41. Furthermore, "the REAL ID Act

---

[1] At the time he filed his petition, Zamarripa was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, within the jurisdiction of the district court.

has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders." *Rosales v. BICE*, 426 F.3d 733, 736 (5th Cir. 2005). If a final order of removal is entered against Zamarripa, his sole means of obtaining judicial review of that order would be to file a petition for review in the appropriate court of appeals. *See id.*

AFFIRMED.