FILED
United States Court of Appeals
Tenth Circuit

February 19, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOHN NASIOUS,

Plaintiff - Appellant,

v.

TWO UNKNOWN B.I.C.E. AGENTS
AT THE ARAPAHOE COUNTY
JUSTICE CENTER; AGENT
MICHAEL WHEELER, United States
Department of Homeland Security -
Immigration and Customs
Enforcement; AGENT LEE, United
States Department of Homeland
Security - Immigration and Customs
Enforcement,

Defendants - Appellees.

No. 09-1422

(D. Colorado)

(D.C. No. 1:06-CV-01765-ZLW-KMT)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the appellate briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, John Nasious initiated a federal action against Defendants pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his constitutional rights stemming from the filing of a federal immigration detainer on August 3, 2005. The matter was referred to a magistrate judge and Defendant Wheeler filed a motion to dismiss or, in the alternative, for summary judgment. Nasious did not respond to the motion.

The magistrate judge prepared a Report and Recommendation, recommending the grant of summary judgment. The uncontested facts showed Nasious was arrested by Denver police officers on June 6, 2005, on forgery charges. Nasious was interviewed by Defendant Wheeler, an ICE agent, on August 3, 2005. During the interview, Nasious told Wheeler he was a native of Greece and could not speak English. Based on these representations and Wheeler's independent search of DHS records, Wheeler filed an immigration detainer with the Denver County Sheriff. The detainer was not lifted until April 24, 2006, when Nasious provided ICE with a copy of his Illinois birth certificate. The magistrate judge concluded the filing of the detainer did not violate Nasious's due process rights because the undisputed evidence showed Nasious's lie to Wheeler was the sole and proximate cause of Wheeler's belief that Nasious

was an illegal alien. Further, the lodging of the detainer had no effect on Nasious's detention because he was already in custody at the Denver County Jail awaiting the disposition of his state criminal case. The detainer was nothing more than a request that Denver County authorities notify ICE prior to Nasious's release. To the extent Nasious argued the detainer disqualified him from being transferred to a different facility, the Report and Recommendation concluded Nasious did not have a protected liberty interest in being housed in a community corrections facility. The Report and Recommendation also recommended denying Nasious's equal protection claim because he failed to show any disputed issue as to any material fact necessary to resolve such a claim. Likewise, the record contained no support for Nasious's intentional infliction of emotional distress claim.

Nasious filed timely objections to the Report and Recommendation and those objections were considered by the district court. The court, however, granted summary judgment in favor of Defendant Wheeler, concluding the detainer did not constitute a restraint on or deprivation of a liberty interest upon which a due process violation could be premised because it did not impose, create, or affect the duration of Nasious's detention in the Denver County Jail or the Arapahoe County Detention Facility.[1]

---

[1]The district court's dismissal of all claims against the remaining defendants is not at issue in this appeal.

Nasious appeals the grant of summary judgment in favor of Defendant Wheeler.[2] The thrust of Nasious's appellate argument is that the district court failed to construe his pleadings liberally and failed to appoint counsel to represent him. A review of the record reveals the district court did not abuse its discretion by failing to appoint counsel. Neither did the court fail to construe Nasious's pleadings liberally. To the contrary, the court made extraordinary efforts to sort through Nasious's claims. As the district court noted, a plaintiff's "pro se status does not relieve him of the obligation to comply with" the Federal Rules of Civil Procedure. *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002). Because Nasious failed to respond to Wheeler's motion for summary judgment, the court properly accepted the factual statements set out in Wheeler's declaration as true. The record confirms that those facts do not support a due process or equal protection violation. The uncontested facts show that all consequences stemming from the filing of the detainer were caused by Nasious's own actions.

---

[2]Nasious's motion to proceed *in forma pauperis* on appeal is **granted**.

The district court's grant of Wheeler's motion for summary judgment is **affirmed** for substantially the reasons stated in the Report and Recommendation dated January 27, 2009, and the Order dated August 5, 2009.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge