FILED
United States Court of Appeals
Tenth Circuit

February 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN NASIOUS,

      Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER -
DENVER SHERIFF'S
DEPARTMENT; SHERIFF STRONG,
Denver Sheriff's Department; ROSIE
PAGLIANO, Nurse, Denver Sheriff's
Department,

      Defendants-Appellees.

No. 10-1181
(D.C. No. 1:08-CV-00275-ZLW-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **TACHA**, Circuit Judges.

---

John Nasious, who at all times has proceeded pro se, appeals the district

court's dismissal of his complaint as time-barred. Exercising jurisdiction under

28 U.S.C. § 1291, we reverse and remand for further proceedings. We do so

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

based on our conclusion that the statute of limitations should have been equitably tolled during the mishandling of Mr. Nasious's claims in a prior lawsuit.

BACKGROUND

Mr. Nasious filed a first lawsuit on October 10, 2006, naming at least twenty defendants and asserting several claims concerning his incarceration in the Denver County Jail and the Arapahoe County Detention Facility. The magistrate judge directed him to file an amended complaint that conformed to the pleading requirements of Fed. R. Civ. P. 8. On November 9, 2006, Mr. Nasious filed an amended complaint, alleging a multitude of claims against more than forty defendants. The district court dismissed the lawsuit with prejudice because the amended complaint failed to comply with Rule 8. On appeal, we reversed and remanded for further proceedings, because the district court's dismissal with prejudice did not consider any of the factors for dismissing with prejudice set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1162-64 (10th Cir. 2007).

Following our remand, and upon direction of the magistrate judge, Mr. Nasious filed, on December 3, 2007, a second amended complaint, this time asserting three unrelated sets of claims against three unrelated groups of defendants. In general, he alleged (1) civil rights violations relating to a sexual assault at the Denver County Jail and medical malfeasance; (2) an illegal immigration detainer; and (3) the denial of the exercise of his religion due to the

denial of a kosher diet at the Arapahoe County Detention Facility. With respect to these three sets of claims, he named three separate sets of defendants: (1) Nurse Rosie Pagliano, Sheriff Strong, and another person affiliated with the Denver County Jail; (2) two Bureau of Immigration and Customs Enforcement agents and another person employed with the Department of Homeland Security; and (3) two employees of the Aramark Corporation, which provided meals at the Arapahoe County Detention Facility, and the sheriff responsible for the operation of the Arapahoe County Detention Facility.

The magistrate judge concluded that these separate and unrelated claims against three separate groups of defendants were improper because "Mr. Nasious ha[d] combined what should be three lawsuits into one pleading." *See* R., Vol. 1 at 298. As a result, the magistrate judge decided that the second amended complaint violated Fed. R. Civ. P. 20(a)(2), which provides that

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

In addition, the magistrate judge noted that:

> "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, the court may dismiss improper parties. ***See id.*** However, because it is not clear which one of his three claims Mr. Nasious intends to pursue in this action, he will be

ordered to file a third amended pleading that complies with the joinder requirements of Rule 20(a)(2).

R., Vol. 1 at 298. Responding to the magistrate judge's order, Mr. Nasious filed his third amended complaint on January 14, 2008, asserting immigration-detainer claims against immigration officials only.[1]

Less than a month later, on February 8, 2008, he filed this, his second, lawsuit in which he sued the City and County of Denver, Sheriff's Department; Sheriff Strong; and Nurse Rosie Pagliano for civil rights violations and for medical negligence.[2] In this second lawsuit, he alleged that (1) after Nurse Pagliano evaluated him for a seizure on June 18, 2005, she placed him in a jail observation cell with an "at risk" inmate, who sexually assaulted him and caused him to suffer personal injuries during the assault; (2) after he reported the crime and injuries on June 19, Sheriff Strong and others ignored his pleas for medical treatment, refused to move him to another cell, failed to secure the crime scene, and threw away his "kite"; (3) the City and County of Denver, Sheriff's Department failed to fully investigate the assault and instead covered it up; and (4) the City and County of Denver, Sheriff's Department retaliated against him

---

[1] This court later affirmed the district court's grant of summary judgment in favor of the immigration officials. *Nasious v. Two Unknown BICE Agents*, 366 F. App'x 894 (10th Cir. 2010).

[2] Mr. Nasious also brought a claim under the Prisoner Rape Elimination Act of 2003, 42 U.S.C. §§ 15601-15609. He does not continue to assert this claim on appeal.

-4-

for filing a lawsuit.  Mr. Nasious specifically pleaded that he had exhausted his administrative remedies.

Nurse Pagliano moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing the claims against her were time-barred by Colorado's two-year statute of limitations.[3]  *See* Colo. Rev. Stat. §§ 13-80-102(1)(g); 13-80-102.5; 13-80-108(1).  Mr. Nasious countered that his claims were timely because the statute of limitations began to run on July 3, 2007, the date this court reversed and remanded his first lawsuit.  The magistrate judge[4] recommended that Nurse Pagliano's motion to dismiss be granted because Mr. Nasious's claims were time-barred under the applicable Colorado two-year statute of limitations and his first lawsuit did not toll the statute of limitations with respect to his second lawsuit.  In addition, the magistrate judge decided that the doctrine of equitable tolling would not save his claims because there were neither extraordinary circumstances present nor wrongful acts by Nurse Pagliano impeding him from timely asserting his claims.  Further, the magistrate judge noted that Mr. Nasious chose which of his three improperly joined claims to pursue in the first lawsuit.  After Mr. Nasious filed his objections to the magistrate judge's recommendation,

---

[3]     She also argued that she had not been timely served, but the district court did not address this argument.

[4]     We note that this magistrate judge is not the same magistrate judge that ordered Mr. Nasious to file a third amended complaint in the first lawsuit.

the district court adopted the recommendation, decided the claims against Nurse Pagliano were time-barred, and dismissed them.

The City and County of Denver, Sheriff's Department and Sheriff Strong also filed a Rule 12(b)(6) motion to dismiss Mr. Nasious's claims against them as time-barred under Colo. Rev. Stat. § 13-80-102(1)(g). Because they had already filed an answer, the magistrate judge treated their motion as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), and recommended that the motion be granted. In his objections to the recommendation, Mr. Nasious argued that the statute of limitations was tolled while he exhausted his administrative remedies and his untimely lawsuit should be excused because the magistrate judge in the first lawsuit did not adequately advise him how to proceed. The district court rejected his argument that he had not exhausted his administrative remedies because this argument was contradicted by his complaint. The court then adopted the magistrate judge's recommendation, finding that even if Mr. Nasious's claims had been tolled while he exhausted his administrative remedies, they were still time-barred. This appeal followed.

## STANDARDS OF REVIEW

We "review[] de novo the district court's determination that [Mr. Nasious's] claims are barred by the statute of limitations." *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998); *see Bixler v. Foster*, 596 F.3d 751, 755 n.2 (10th Cir. 2010) (reviewing rulings on Rule 12(b)(6) and

12(c) motions de novo). But we review for an abuse of discretion the court's refusal to apply equitable tolling. *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004). In doing so, we recognize that Mr. Nasious bears the burden of showing that the statute should have been tolled. *See Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 855 (Colo. 1992). We "[c]onstru[e] Mr. Nasious's filing[s] generously and with the leniency due *pro se* litigants." *Nasious*, 492 F.3d at 1161.

## ANALYSIS

Mr. Nasious argues that this lawsuit is not time-barred because he was ordered in his first lawsuit to separate that lawsuit into three separate lawsuits, but was not given adequate instructions on how to proceed. Thus, he contends that his complaint in this, his second, lawsuit should relate back to his original complaint in the first lawsuit and equitable tolling should apply.[5] We agree that equitable tolling applies.

---

[5] Nurse Pagliano argues that the firm waiver rule applies because Mr. Nasious did not make this argument in response to her motion to dismiss or in his objections to the magistrate judge's report and recommendation. She, however, fails to note that the magistrate judge specifically decided that the statute of limitations did not relate back to the filing of the first lawsuit. Because the magistrate judge considered the issue and Mr. Nasious filed a pro se objection to the magistrate judge's report and recommendation, we conclude that the argument is properly before us. Even if we were to conclude that the argument had been waived, we would not apply the firm waiver rule and would instead decide the issue based on the interests of justice in light of Mr. Nasious's pro se attempts to comply with the requirement to raise objections and the importance of the issues raised in this appeal. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (noting factors this court has considered when deciding whether to grant exception to waiver rule).

We begin our analysis by considering the magistrate judge's determination in the first lawsuit that Mr. Nasious misjoined three separate and unrelated sets of claims against three separate and unrelated defendant groups and the magistrate judge's order that Mr. Nasious choose which of the three sets of claims to pursue in that lawsuit. Rules 20 and 21 govern joinder and misjoinder of parties and claims. As indicated above, Rule 20(a)(2) permits a plaintiff to join defendants in an action if the claims against them arise out of the same transaction or occurrence and there is a common question of law or fact linking the claims together. "Misjoinder [under Rule 21], on the other hand, occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006). "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21; *see also Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972) ("Misjoinder or non-joinder of parties is not ground for dismissal. . . . The proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right."). Thus, "[t]o remedy misjoinder, . . . the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims

against misjoined parties may be severed and proceeded with separately." *DirecTV*, 467 F.3d at 845 (internal quotation marks omitted).

We agree with the magistrate judge's determinations that Mr. Nasious improperly and contrary to Rule 20(a)(2) joined three separate and unrelated sets of claims against three separate and unrelated defendant groups and that misjoinder under Rule 21 was not grounds for dismissal of the lawsuit. But the magistrate judge failed to take the next required step and consider whether to dismiss the improperly joined parties or to sever the three sets of unrelated claims and unrelated parties. Rather, the magistrate judge directed Mr. Nasious to choose which one of the three sets of defendants and claims he wished to pursue in his first lawsuit. By limiting Mr. Nasious to only one set of defendants and claims, the magistrate judge effectively dropped all of the other defendants and claims for misjoinder, without analyzing the consequences on the record. In particular, the magistrate judge did not consider that when defendants are dropped, the statute of limitations is not tolled. *See DirecTV*, 467 F.3d at 845. Thus, the magistrate judge did not consider whether it was "just" to drop defendants. Fed. R. Civ. P. 21; *see also Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (deciding district court is "duty-bound" to "avoid gratuitous harm to the parties"). Nor did the magistrate judge consider whether it would have been appropriate to sever the three sets of claims to allow them to proceed separately.

It was improper for the district court to effectively dismiss claims and drop parties without analyzing on the record whether dismissal affected Mr. Nasious's ability to meet the statute of limitations. *See DirecTV*, 467 F.3d at 846. In contrast, if the magistrate judge had severed Mr. Nasious's claims under Rule 21, they would have proceeded as three separate severed lawsuits, with "[t]he statute of limitations . . . held in abeyance, and the severed suit[s] . . . proceed[ing] so long as [they initially were] filed within the limitations period." *Id.* at 845.

Without question, Mr. Nasious's first lawsuit, insofar as the claims at issue in this second lawsuit are concerned, was filed within Colorado's two-year statute of limitations. The incidents Mr. Nasious complains of occurred on June 18 and 19, 2005, and he filed his first lawsuit on October 10, 2006. The magistrate judge's effective dismissal of the second lawsuit defendants and claims without considering the statute of limitations clearly prejudiced Mr. Nasious and was not "just" under Rule 21, because, as the district court found, those claims, when refiled on February 8, 2008, were barred by the two-year statute of limitations. Indeed, dismissal made timely refiling impossible. Severance, however, would have preserved the filing date of the original complaint and avoided any statute of limitations concerns. *Cf. DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003) (severing claims and deeming new separate actions to be continuances of original action for statute of limitations purposes). Thus, we conclude that the magistrate judge in the first lawsuit abused his discretion by

-10-

effectively dismissing the defendants rather than severing the claims. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010) ("Rulings on the joinder of parties are reviewed for abuse of discretion."); *Strandlund v. Hawley*, 532 F.3d 741, 745-46 (8th Cir. 2008) (reviewing for abuse of discretion district court's dismissal of parties for misjoinder); *DirecTV*, 467 F.3d at 844 n.1, 846-47 (same); *see also Elmore*, 227 F.3d at 1012 (deciding it is error for district court to dismiss claims that are subject to statute of limitations rather than severing misjoined claims).

Reaching this conclusion does not resolve this appeal. Although the magistrate judge in the first lawsuit erred, this appeal is limited to reviewing whether the district court improperly dismissed this second lawsuit as time-barred. Yet it was the magistrate judge's failure to sever Mr. Nasious's claims in the first lawsuit and Mr. Nasious's following of the magistrate judge's directions to proceed with only one set of claims and defendants in the first lawsuit that resulted in his predicament. Thus, we must address whether Colorado's doctrine of equitable tolling requires that Mr. Nasious's original filing date be honored and that his second lawsuit be deemed timely. *See generally Wallace v. Kato*, 549 U.S. 384, 394 (2007) (recognizing that federal courts refer to state law for tolling rules). We conclude that the doctrine of equitable tolling applies.

"Colorado recognizes that 'equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice.' At the

-11-

same time, 'statutes of limitations compel litigants to pursue their claims in a timely manner.'" *Braxton v. Zavaras*, 614 F.3d 1156, 1161 (10th Cir. 2010) (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996)). Thus, in Colorado,

> [t]he doctrine of equitable tolling is limited to situations in which either the defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner or truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts. The extraordinary circumstances basis for equitable tolling requires the plaintiff to make a good faith effort to pursue any claims.

*Noel v. Hoover*, 12 P.3d 328, 330 (Colo. Ct. App. 2000); *see also Dean Witter Reynolds, Inc.*, 911 P.2d at 1097 (recognizing "it is unfair to penalize the plaintiff for circumstances outside his . . . control, so long as the plaintiff makes good faith efforts to pursue the claim when possible"). "[T]he exercise of equitable jurisdiction requires an inquiry into the particular circumstances of the case." *Garrett*, 826 P.2d at 855.

Under the circumstances of this case, Mr. Nasious made a good faith effort to pursue his claims. He did exactly as he was instructed by the magistrate judge in the first lawsuit, and he proceeded with only one set of claims in that lawsuit. And within a month, he filed his second lawsuit. There is no indication that Mr. Nasious, who has always proceeded pro se, acted in bad faith when he initially filed three separate sets of claims in his first lawsuit. To achieve justice, Mr. Nasious should not be penalized for following the magistrate judge's order.

-12-

*See Dean Witter Reynolds, Inc.*, 911 P.2d at 1096 ("At times . . . equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice."); *King v. W.R. Hall Transp. & Storage Co.*, 641 P.2d 916, 922 (Colo. 1982) (recognizing in dicta that "[t]here may be some instances in which dropping of parties under [Colo. R. Civ. P. 21[6]] so penalizes one or more litigants as to constitute an injustice and thus an abuse of trial court discretion . . . especially where court delays after filing of an action create statute of limitations problems").[7]

Accordingly, we REVERSE the district court's judgment, and REMAND for further proceedings. In remanding, we reach no conclusions about the ultimate merit of Mr. Nasious's case. We DENY Mr. Nasious's request for appointed counsel, but GRANT his motion for leave to proceed on appeal without prepayment of costs or fees. We remind Mr. Nasious of his obligation to continue making partial payments until the entire appellate filing fee is paid.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[6]    Colorado Rule 21 and Federal Rule 21 are very similar.

[7]    In light of our decision to reverse and remand, we need not address the other arguments Mr. Nasious asserts on appeal.