FILED
United States Court of Appeals
Tenth Circuit

July 6, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENETH CIRCUIT

PABLO G. CABRERA,

      Petitioner - Appellant,

v.

ANITA TRAMMELL,

      Respondent - Appellee.

No. 12-7008
(D.C. No. 6:11-CV-00151-FHS-KEW)
(E.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Petitioner-Appellant Pablo Cabrera appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition without prejudice. We have jurisdiction over his appeal under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts. Briefly, Mr. Cabrera, a state inmate incarcerated in Oklahoma, filed a § 2241 petition challenging an Immigration and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Customs Enforcement ("ICE") detainer lodged with the State of Oklahoma and requesting appointment of counsel. R. 4-10. He claimed that he cannot be deported back to Cuba, id. at 4, and that the detainer continues to affect Oklahoma's administration of his sentence, id. at 7. The district court denied Mr. Cabrera's request for counsel, id. at 69-70, and granted the state's motion to dismiss based on the conclusion that Mr. Cabrera was not "in custody," despite the INS detainer, because there was no evidence that Mr. Cabrera was subject to an order of deportation, id. at 71-72. The district court also explained that, to the extent Mr. Cabrera was challenging the conditions of his confinement—for example, that prison officials relied on the detainer in denying Mr. Cabrera a transfer to a lower-security facility—such a complaint must be raised in a 42 U.S.C. § 1983 suit, rather than in a 28 U.S.C. § 2241 petition. Id. at 72. The district court dismissed the action without prejudice.

As an initial matter, Mr. Cabrera's complaints should have been lodged differently. If Mr. Cabrera intended to challenge the Oklahoma facility's reliance on the detainer in denying him a transfer, that complaint should have been lodged under 42 U.S.C. § 1983. Because there is no constitutional right to a prison transfer, however, such effort likely would be unavailing. See Prows v. Federal Bureau of Prisons, 981 F.2d 466, 468 n.3 (10th Cir. 1992) ("[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution."). If, on the other hand, Mr. Cabrera intended to challenge

ICE's lodging of a detainer with the Oklahoma facility, that petition should have been filed under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against the individual federal employee(s) responsible for the alleged denial of Mr. Cabrera's constitutional rights. <u>See</u>, <u>e.g.</u>, <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 366 F. App'x 894 (10th Cir. 2010) (unpublished)[1]; <u>Jaghoori v. United States</u>, No. 11-3061-SAC, 2011 WL 1336677, at *2 n.2 (D. Kan. Apr. 7, 2011).

In any event, Mr. Cabrera apparently intended to challenge the detainer ICE lodged with the Oklahoma facility. But he has not alleged that he is subject to a final order of deportation, and he therefore is not "in custody" for purposes of § 2241. <u>Galaviz-Medina v. Wooten</u>, 27 F.3d 487, 493 (10th Cir. 1994). Even if Mr. Cabrera could show that he is subject to a final order of deportation, the REAL ID Act divested federal district courts of jurisdiction over § 2241 challenges to such orders, and his sole means of judicial review would be a petition for review filed with the appropriate court of appeals. <u>See</u> <u>Zamarripa-Torres v. B.I.C.E.</u>, 347 F. App'x 47, 48 (5th Cir. 2009) (unpublished).

Based on our review of the record and the futility of Mr. Caberera's claims before the district court, the district court did not err in refusing to appoint Mr. Cabrera counsel. Mr. Cabrera raised several new arguments on appeal, most of which we will not address. <u>See</u> <u>Koch v. City of Del City</u>, 660 F.3d 1228, 1237

---

[1] Cited for its persuasive value pursuant to Tenth Circuit Rule 32.1.

n.4 (10th Cir. 2011) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").  Mr. Cabrera argues that Padilla v. Kentucky, 130 S. Ct. 1473 (2010), decided while his case was on collateral review, both (1) held that failure to advise a criminal defendant of clear immigration implications relating to a plea renders that plea involuntary, and (2) applies retroactively to his case.  Aplt. Br. iii.  Addressing only Mr. Cabrera's second point, we have held previously that Padilla does not apply retroactively to cases on collateral review.  United States v. Chang Hong, 671 F.3d 1147, 1157 (10th Cir. 2011) ("We find Padilla does not . . . apply retroactively to cases . . . on collateral review.").

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge