FILED
United States Court of Appeals
Tenth Circuit

April 26, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOHN NASIOUS,

            Plaintiff–Appellant,

v.

CITY AND COUNTY OF DENVER,
Denver Sheriff's Department; SHERIFF
STRONG, Denver Sheriff's Department,
in his official and individual capacity;
NURSE ROSIE PAGLIANO, Denver
Sheriff's Department, in her official and
individual capacity,

            Defendants–Appellees.

No. 12-1427

(D.C. No. 1:08-CV-00275-CMA-KMT)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff John Nasious, proceeding pro se, appeals the district court's order

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denying his motion for leave to file an amended complaint and the district court's order

granting Defendants' motions for summary judgment on all of his claims. This case has a

fairly complex procedural history, which we described in detail in *Nasious v. City &

County of Denver–Denver Sheriff's Department*, 415 F. App'x 877 (10th Cir. 2011). As a

result, we will not repeat that history here. For purposes of this appeal, it is sufficient to

know that Plaintiff has asserted claims under 42 U.S.C. § 1983 against Defendants in

connection with a sexual assault he allegedly suffered while incarcerated in the Denver

County Jail.

Approximately eleven months after Plaintiff filed the operative complaint, he first

sought leave to amend the complaint to assert claims against Denver Health Medical

Center.[1] The magistrate judge recommended Plaintiff's motion in connection with this

effort be denied because the statute of limitations had run on his claim against DHMC,

and the proposed amendments did not relate back to the original complaint under Rule 15

of the Federal Rules of Civil Procedure. The district court adopted this recommendation

and denied Plaintiff's motion. Defendants each subsequently filed a motion for summary

judgment. After reviewing the briefing on the matter, including approximately 178 pages

of various documents submitted by Plaintiff, the magistrate judge recommended the

district court grant Defendants' motions for summary judgment and dismiss Plaintiff's

---

[1] Plaintiff had previously asserted claims against DHMC in his original complaint. However, when he was ordered to file an amended complaint that clearly identified the parties he intended to sue, he did not include DHMC as a Defendant.

complaint in its entirety, which the district court did.  Plaintiff now appeals both of these decisions.

On appeal, Plaintiff has not pointed us to any alleged errors in the magistrate judge's recommendations or the district court's orders.  Rather, he reasserts his belief, based on the allegations contained in his complaint, that he has suffered various violations of his constitutional rights.  Having conducted a thorough review of the record on appeal, we see no error in the district court's disposition of Plaintiff's motion for leave to amend or Defendants' motions for summary judgment.

Accordingly, for substantially the same reasons set forth in the magistrate judge's recommendations, the district court's orders are **AFFIRMED**.  Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.  Plaintiff's request to have this matter initially heard en banc is **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge