**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

**April 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

DONALD RAY SHORES,

    Plaintiff - Appellant,

v.

DEAN WILLIAMS, CDOC Exec.
Director; CORE CIVICS AMERICA,
(CCA); JOHN DOE, Exec. Director of
CCA; BENT COUNTY
CORRECTIONAL FACILITY MEDICAL
CONTRACTOR; SUSAN LNU, Medical
Admin, BCCF; JERRY MCCREAVEY,
P.A. Care Provider, BCCF; A.
MCCREAVEY, P.A. Care Provider,
BCCF; JOHN OR JANE DOE, Medical,
BCCF; C.O. HARMONN, C.O., BCCF;
JENNIFER HANSEN, Warden, CTCF;
JOHN DOE, CTCF Medical Admin;
NATHAN BENNION, P.A. Care Provider,
CTCF; AMY, Nurse, CTCF; SIOBHAN
BURTLOW, Warden, Fremont
Correctional Facility; CHRISTINE
GENNETTA, Health Services
Administrator, FCF, and/or FCF Grievance
Coordinator; NEIL BOURJAILY, P.A.
Care Provider, CTCF; JANE DOES, FCF
Medical Dept. Nurses; WARNER, Major,
FCF; LUNDONBERG, Capt., FCF;
SMITH, Capt., FCF; ARCHULETA, FCF
Lt; KATHRYN REED, FCF Grievance
Coordinator; PAMELA DANG, FCF
Grievance Responder; MICHELLE
AGUILAR, FCF Grievance Coordinator;
ANTHONY DECESARO,

No. 24-1345
(D.C. No. 1:23-CV-02540-LTB-SBP)
(D. Colo.)

FCF Grievance Coordinator; KARYN
LOVERN, FCF Law Library Clerk;
DUANE LEROUX, Medical Staff, BCCF,

      Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Donald Ray Shores is an inmate in the custody of the Colorado Department of Corrections (CDOC). He filed a *pro se* complaint in federal district court bringing claims under 42 U.S.C. § 1983 against prison officials and medical providers. After once ordering Mr. Shores to amend his complaint, which he did, the court then dismissed all claims alleged in his amended complaint without allowing further amendment.

Mr. Shores, still proceeding *pro se*, timely appealed. We have jurisdiction under 28 U.S.C. § 1291 and reverse the dismissal of Mr. Shores's claims, except against two entity defendants. As we explain below, the district court erred by not

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

addressing whether it would be futile to allow Mr. Shores another opportunity to amend his complaint.

## I. Background

## A. Factual Allegations[1]

On February 5, 2021, while incarcerated at Bent County Correctional Facility (BCCF), Mr. Shores fell on his head, knocking himself unconscious and injuring his neck. He asked a corrections officer, defendant Harmonn, to declare a medical emergency, but Harmonn refused. Medical providers at BCCF evaluated Mr. Shores in the following days. They advised him to use "Vic's Vapor Rub" and performed a "chiropractic man[eu]ver," which Mr. Shores maintains made his injury worse, but did not provide further treatment or evaluation. R. vol. 1 at 86.

Mr. Shores began to send requests "twice a week," for additional care, indicating he was "starting to feel like he was paral[y]zed." *Id.* at 109. His condition worsened over the following months. He was eventually X-rayed, in September or October, and given an MRI, in October. In December 2021, a specialist outside the prison, Dr. Murad, concluded Mr. Shores had broken his neck and needed several vertebrae fused. That procedure was completed on or around December 29, 2021.

Based on these allegations, Mr. Shores alleges defendants at BCCF "watched as [his] physical health [deteriorated]," and allowed him to "needlessly suffer," "10

---

[1] We take the facts from the amended complaint, R. vol. 1 at 77–133, treating its well-pled factual allegations as true. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[months] of pain, and partial paralysis . . . only to have [his] grievances destroyed or ignored." R. vol. 1 at 113.[2]

After the neck procedure, Mr. Shores was discharged to the infirmary at Colorado Territorial Correctional Facility (CTCF). Staff and medical providers there did not follow Dr. Murad's discharge orders and told Mr. Shores CDOC would not pay for the pain medication Dr. Murad prescribed. They gave him other pain medications, including one he was allergic to, telling him he could accept the medications CDOC approved or take none.

Mr. Shores was transferred from CTCF to Fremont Correctional Facility (FCF) on February 16, 2022. At FCF, nurses administered his pain medication too often, three times in an 8–10-hour day instead of three times in 24 hours, leading him to "convulse" and vomit, on February 20, 2022. *Id.* at 117. Providers at FCF failed to provide the medication prescribed by Dr. Murad and did not follow Dr. Murad's orders.

In the following months, Mr. Shores continued to experience pain and other symptoms, reporting "pain at a level 6," or "6 to 7," in June 2022, *id.* at 119, and he told providers in November 2022 he felt "like he'[d] been stabbed, electrical

---

[2] In addition to allegations related to his neck injury, Mr. Shores also fell and injured his shoulder on May 1, then broke a tooth the next day. Both times his requests to declare medical emergencies were refused. A dentist extracted the tooth about a week later.

shock[ed], then paralyzed," *id.* at 120. By February 2023, he was using a wheelchair. He requested and was granted disability accommodations.[3]

Mr. Shores filed a grievance related to the alleged denial of appropriate medical care on February 5, 2022, and submitted additional grievances, beginning in May 2022. He alleges CDOC staff lost his first grievance and did not properly investigate or resolve the others.

Mr. Shores also alleges the librarian at FCF, defendant Lovern, improperly restricted his law library access in various ways, including by opening the library for limited hours; restricting his ability to make copies, particularly of handwritten court filings; and forcing him to choose between eating meals or using the library. Mr. Shores claims she caused him to miss deadlines and "caus[ed] the delays and possible dismissal of [his] complain[t]." *Id.* at 128.

### B. Procedural History

Proceeding *pro se*, Mr. Shores filed this case in the United States District Court for the District of Colorado in September 2023. As required by the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915A(a), the district court conducted "early judicial screening" of Mr. Shores's complaint. *Jones v. Bock*, 549 U.S. 199, 202 (2007). It concluded it did not meet the pleading requirements of Federal Rule of Civil Procedure 8 and ordered him to file an amended complaint.

---

[3] Mr. Shores also alleges officers at FCF delayed in assigning him an Offender Care Assistant (OCA) and in complying with an administrative order granting his request for disability accommodation.

Mr. Shores then filed a 57-page amended complaint asserting two § 1983 claims against twenty-eight listed defendants, including (1) that defendant Lovern violated his constitutionally guaranteed right to access the courts and (2) that all other defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs.[4]

The district court referred Mr. Shores's amended complaint to a magistrate judge to determine whether it was subject to summary dismissal. *See* R. vol. 1 at 135; 28 U.S.C. §§ 1915A(a) and 1915(e)(2),[5] D.C.COLO.LCivR 8.1(a) and (b). The magistrate judge recommended dismissing Mr. Shores's claim against Harmonn as time-barred and dismissing all his other claims without prejudice "for failure to comply with Fed. R. Civ. P. [] 8." R. vol. 2 at 26.

Mr. Shores filed objections to that recommendation, arguing among other points, (1) the statute of limitations was tolled while he pursued administrative

---

[4] The named defendants include two entities: CCA, which operated the Bent County Correctional Facility (BCCF), and the "Medical Contractor for CCA" at BCCF. R. vol. 1 at 83. The other defendants are individuals, including prison staff and officers, and medical providers. Most are identified by name but a few are named only as John or Jane Does. The amended complaint also included "claims" for "Statute of Limitations," R. vol. 1 at 107, and for "Violation of [Mr. Shores's] 1st, 8th, 9th and 14th Amendment Rights," *id.* at 129. As the magistrate judge observed, these are duplicative of the claims for deliberate indifference and denial of access to the courts.

[5] The district court granted Mr. Shores's application to proceed in forma pauperis (IFP). Similar to PLRA screening, *see infra,* Part II.A., cases allowed to proceed IFP are subject to sua sponte dismissal if the court finds they are frivolous or malicious, fail to state a claim, or seek monetary relief from a defendant who is immune. *See* § 1915(e)(2)(B).

remedies, and (2) he should be allowed to file a second amended complaint. He also asked the court to appoint counsel. Mr. Shores later submitted an additional "Addendum/Supplement," expanding on his request to further amend his complaint. R. vol. 2 at 53. Both his objections and the "Addendum/Supplement" included additional factual assertions Mr. Shores argued he could allege to cure the defects identified by the magistrate judge. The district court summarily adopted the magistrate judge's recommendation, overruled Mr. Shores's objections, denied his request to further amend his complaint, and dismissed all his claims. It did not consider his "Addendum/ Supplement," which the court received only after it had dismissed his claims, although Mr. Shores had mailed it a few days before. This timely appeal followed.

## II. Legal Framework

Because Mr. Shores proceeds *pro se*, we liberally construe his filings. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

## A. PLRA

Two provisions of the Prison Litigation Reform Act of 1995 (PLRA) are relevant to this appeal.

*First*, 42 U.S.C. § 1997e(a) "'requires proper exhaustion' of available prison grievance procedures . . . [']as a precondition to bringing suit in federal court.'" *Perttu v. Richards*, 605 U.S. 460, 465 (2025) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Exhaustion is mandatory under § 1997e(a), but because failure to exhaust

is an affirmative defense, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.

*Second*, the PLRA's screening provision requires that in cases brought by a prisoner "seek[ing] redress from a governmental entity or officer," the district court "shall review" the complaint "before docketing, if feasible, or in any event, as soon as practicable after docketing." § 1915A(a). The court must dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[,] or . . . seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *see also* § 1997e(c)(1) (requiring dismissal on the same grounds). This "screening requirement does not—explicitly or implicitly—justify deviating from . . . usual procedural practice beyond the departures specified by the PLRA itself." *Jones*, 549 U.S. at 214.

### B. Dismissal for Failure to State a Claim

We review dismissal for failure to state a claim de novo. *Requena v. Roberts*, 893 F.3d 1195, 1204 (10th Cir. 2018) (as to § 1915A(a)); *Kay*, 500 F.3d at 1217 (as to § 1915(e)(2)(B)(ii)). We apply the same standards for dismissal under §§ 1915A(a) or 1915(e)(2)(B)(ii) as for Federal Rule of Civil Procedure 12(b)(6). *Kay*, 500 F.3d at 1217. "[W]e accept as true the well-pleaded factual allegations . . . and consider them in the light most favorable to [Mr. Shores]." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022). Reading the allegations "in the context of the entire complaint," *id.* (quoting *Ullery v. Bradley*, 949 F.3d 1282, 1288 (10th Cir. 2020)), we evaluate whether it "contains 'factual content that allows the court to draw the

8

reasonable inference that the defendant[s] [are] liable for the misconduct alleged.'" *Id.* (quoting *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019)).

Dismissal is "a harsh remedy which must be cautiously studied." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Chilcoat*, 41 F.4th at 1218 (internal quotation marks omitted). In addition, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Requena*, 893 F.3d at 1205 (brackets omitted) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

### C. Rule 41(b) Dismissal for Non-Compliance With Rule 8

Separate from dismissal for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires complaints to contain "a short and plain statement of [each] claim showing that the pleader is entitled to relief." "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Rule 8 does not itself authorize dismissal, but "a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

We review dismissal under Rule 41(b) for abuse of discretion, *Nasious*, 492 F.3d at 1161. "But what we consider compliant with this standard depends in great measure on . . . whether dismissal was ordered with or without prejudice to subsequent attempts at amendment." *Id.* at 1161–62. Before dismissing a case under Rule 41(b) *with* prejudice, the district court must consider the factors identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), a case describing criteria for dismissing claims as a sanction. *See id.* at 1162.

Beyond this procedural requirement, dismissal for failure to comply with the "short and plain statement" requirement of Rule 8(a) may be appropriate when a complaint is "incomprehensible" or so "rambling" the court cannot understand the allegations well enough to determine whether they plausibly state a claim. *Nasious*, 492 F.3d at 1163; *see also, e.g., Mann*, 477 F.3d at 1147–48 (recognizing dismissal was appropriate where complaint was "unintelligible" and the court was "at a loss to discern" the nature of the claims); *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) ("What Rule 8 proscribes is obfuscation of the plaintiff's claims. . . . The key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." (internal quotation marks omitted)); *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996) (affirming dismissal of complaint that "[e]ven liberally construed," was "incomprehensible").

### III. Discussion

### A. Claim Against Harmonn

The district court concluded Mr. Shores's Eighth Amendment claim against Harmonn accrued February 7, 2021, and is time-barred because he filed this action over two years later. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("[T]he statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued.").[6]

1. *Legal Standards*

We review a dismissal based on the statute of limitations de novo. *See Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). "The statute of limitations is an affirmative defense," and typically "must be raised by the defendant." *Herrera v. City of Española*, 32 F.4th 980, 991 (10th Cir. 2022). But if the allegations in a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones*, 549 U.S. at 215. "[A] complaint may not be dismissed by raising sua sponte a statute of limitations defense that was neither patently clear from the face of the complaint nor rooted in adequately developed facts." *Fogle*, 435 F.3d at 1258 (internal quotation marks omitted).

---

[6] The magistrate judge rejected Mr. Shores's contentions that his claims (1) did not accrue before December 2021, and (2) are timely under the continuing-violation doctrine. Mr. Shores does not pursue those arguments on appeal.

11

In addition, "a statute of limitations is subject to tolling." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009). And "a pro se plaintiff does not have to anticipate affirmative defenses in his complaint." *Id.* at 1096 (italics omitted). Therefore, "a district court may not sua sponte dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." *Id.* at 1097 (italics omitted).

2. *The District Court Erred by Not Considering Tolling*

The magistrate judge concluded the claim against Harmonn was time-barred without considering tolling. In objecting to that recommendation, Mr. Shores explicitly argued for tolling based on his efforts at administrative exhaustion. *See* R. vol. 2 at 31 (citing *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005)). As we will explain, we must reverse the dismissal of Mr. Shores's claim against Harmonn because the district court did not consider potentially meritorious tolling issues.[7]

---

[7] The district court overruled Mr. Shores's objections summarily, stating only "the Recommendation is correct," without an explanation for that conclusion. *Id.* at 48. But this statement does not mean the recommendation was "correct" about tolling, an issue the recommendation did not address. Even if the district court implicitly rejected Mr. Shores's tolling argument, reversal would still be required based on the lack of an explanation for its ruling. *See Golan v. Saada*, 596 U.S. 666, 679 (2022) ("[A] district court exercising its discretion is still responsible for addressing and responding to nonfrivolous arguments timely raised by the parties before it."); *Harris v. Remington Arms Co.*, 997 F.3d 1107, 1111 (10th Cir. 2021) (when applying the abuse of discretion standard, "we consider whether the district court 'present[ed] an explanation . . .'" for its ruling sufficient to demonstrate an appropriate exercise of discretion); *see also United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) ("We review . . . decision[s] on equitable tolling for an abuse of discretion.").

12

We have recognized "[t]he PLRA's exhaustion requirement could constitute a circumstance 'mak[ing] it impossible for a plaintiff to file his or her claims within the statutory period,' thus entitling a plaintiff to equitable tolling [under Colorado law], 'so long as he or she makes good faith efforts to pursue the claims when possible.'" *Braxton*, 614 F.3d at 1161 (brackets in original omitted) (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1097 (Colo. 1996)).[8] *See also Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) ("[E]very circuit to address the issue has held that the filing of a mandatory administrative grievance tolls the statute of limitations for § 1983 and *Bivens* claims." (internal quotation marks omitted)).

In his amended complaint, Mr. Shores alleges he filed multiple grievances. These allegations, viewed in the light most favorable to Mr. Shores, allow an inference he was pursuing administrative remedies relevant to his claim against Harmonn for some of the two years that began February 7, 2021. It is therefore not "clear from the face of the complaint that there are no meritorious tolling issues." *Vasquez Arroyo*, 589 F.3d at 1097. To the contrary, on the face of the amended complaint, Mr. Shores's allegations raise an "implication that he might be entitled to tolling." *Id.*

We therefore reverse the dismissal of this claim and remand for further

---

[8] Generally "state law governs issues regarding the statute of limitations and tolling" in a § 1983 action. *Braxton*, 614 F.3d at 1159. But federal courts may refuse to fully apply state tolling rules if doing so would "defeat the goals of [§ 1983]." *Hardin v. Straub*, 490 U.S. 536, 539 (1989).

proceedings. *See Vasquez Arroyo*, 589 F.3d at 1098 (reversing dismissal of prisoner's

§ 1983 action "[b]ecuase it [was] not clear from the face of [his] complaint that no

. . . tolling provision was applicable to cure [plaintiff's] timeliness problem . . . .");

*Fogle*, 435 F.3d at 1259 (dismissal based on the statute of limitations during

screening was "not appropriate" where it was "not patently clear" from the complaint

tolling did not apply) (internal quotation marks omitted). On remand, the district

court should address whether tolling precludes dismissal based on the statute of

limitations.

## B. Claims Against All Other Defendants

### 1. *We Review the District Court's Ruling as a Dismissal for Failure to State a Claim*

The district court, adopting the magistrate judge's reasoning, stated it was

dismissing Mr. Shores's claims based on "failure to comply with Fed. R. Civ. P. 8."

R. vol. 2 at 48. But neither the magistrate judge's recommendation nor the district

court's order is consistent with that statement. Neither cited Rule 41(b), which would

provide the authority to dismiss for non-compliance with Rule 8. *See Nasious*,

492 F.3d at 1161. Moreover, the magistrate judge's discussion did not find the

amended complaint unintelligible or overly long, as might warrant dismissal based on

non-compliance with Rule 8.[9] *See id.*; *Mann*, 477 F.3d at 1148. Rather, she

---

[9] We find Mr. Shores's amended complaint neither incomprehensible, nor so lengthy or confusing that we cannot understand its allegations to decide if they plausibly state a claim. *See Nasious*, 492 F.3d at 1161; *Mann*, 477 F.3d at 1148. We would not agree that it failed to comply with Rule 8(a) to a degree that would warrant

summarized its factual allegations, *see* R. vol. 2 at 8–16, then evaluated whether

those allegations plausibly allege claims on which relief may be granted, *see id.* at

18–22. The magistrate judge thus applied Rule 12(b)(6) standards, and the district

court adopted that analysis. Under these circumstances, we understand its ruling as a

dismissal for failure to state a claim, which we review de novo. *See Requena*,

893 F.3d at 1204.

2. *The District Court Erred by Dismissing the Deliberate Indifference Claims Against the Individual Defendants Other Than Harmonn*

"For purposes of § 1983 liability, state actors run afoul of the Eighth

Amendment when they act with 'deliberate indifference to serious medical needs of

prisoners.'" *Johnson v. Sanders*, 121 F.4th 80, 88 (10th Cir. 2024) (quoting *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976)). A deliberate indifference claim "encompasses

both an objective and subjective component." *Id.* "The objective component

examines whether the medical condition or harm . . . was sufficiently serious to be

cognizable." *Id.* (internal quotation marks omitted).  And it "may be satisfied by

lifelong handicap, permanent loss, or considerable pain." *Hardy v. Rabie*, 147 F.4th

1156, 1164 (10th Cir. 2025) (quoting *Al-Turki v. Robinson,* 762 F.3d 1188, 1193

(10th Cir. 2014)). "[T]he subjective component . . . considers whether the defendant

---

dismissal without permitting further amendment. *See Nasious*, 492 F.3d at 1161; *Kensu*, 5 F.4th at 652 ("[I]f a complaint violates Rule 8, the appropriate remedy is rarely immediate dismissal"). The district court also did not consider the *Ehrenhaus* factors, as would be required before dismissing Mr. Shores's claims while denying his request to allow further amendment. *See id.* at 1162. Thus, if the district court had dismissed based on non-compliance with Rule 8, we would reverse that ruling as an abuse of discretion.

knew of and disregarded the serious risk to the inmate's health." *Id.* (internal quotation marks omitted). To satisfy the subjective component, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 89 (internal quotation marks omitted). The required intent "can be demonstrated through circumstantial evidence." *Id.* (internal quotation marks omitted).

As to all individual defendants other than Harmonn and Lovern, the magistrate judge concluded the amended complaint failed to allege they "subjectively knew that their actions or failure to act would cause [Mr. Shores] a substantial risk of harm." R. vol. 2 at 25.[10] But neither the magistrate judge nor the district court addressed whether it would be futile to allow Mr. Shores to further amend his complaint to attempt to adequately plead the subjective component of his claim. And the district court denied his request to do so, without providing a reason for that ruling.

It is well established in this circuit that it is improper to dismiss a *pro se* plaintiff's complaint unless it is "obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Hardy*, 147 F.4th at 1162 (internal quotation marks omitted); *Requena*, 893 F.3d at 1205 (same); *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (same); *Kay*, 500 F.3d

---

[10] Mr. Shores brought deliberate indifference claims against individual medical providers and also individuals he alleges acted as "gatekeepers" to medical care. *See generally Hardy,* 147 F.4th at 1166 (describing "gatekeeper" liability). Because the district court's reasons for dismissal did not distinguish among the individual defendants, we also do not address them separately.

at 1217 (same); *Perkins*, 165 F.3d at 806 (same). Although the decision whether to grant leave to amend generally lies within the district court's discretion, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Chilcoat*, 41 F.4th at 1218 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The district court here did allow Mr. Shores one opportunity to amend his complaint, giving him direction on the kinds of allegations required to plead his claims. But in concluding his amended complaint was subject to dismissal, the magistrate judge did not address whether it would be futile to allow another opportunity to amend or make a recommendation whether the district court should do so.

Mr. Shores requested leave to further amend his complaint in his objections to the magistrate judge's recommendation and in his later supplemental filing. Importantly, both filings offered additional facts Mr. Shores indicated he could allege, including facts relevant to deliberate indifference. For instance, he states he could further allege defendants knew of his medical needs from his "many unanswered medical request[s]," R. vol. 2 at 37; from his family's phone calls to prison officials; because many defendants "see him everyday in his wheelchair," *id.*; and because his deteriorating physical condition made it "visually apparent that there was something seriously wrong with [him]," *id.* at 56. He asserts at least two defendants knew he fell and re-injured himself in November 2022 but "did nothing." *Id.* at 38. And he states Harmonn "watched [his] motor skills decline until he could

17

barely walk or even sign his name." *Id.* at 31. In general, he contends his allegations would show his symptoms were "so obvious that a lay person could see a need for attention." *Id.* at 34.

From these assertions, it is not obvious it would be futile to allow Mr. Shores to further amend his complaint. The district court gave no indication whether it considered these other facts. Rather, it adopted the magistrate judge's recommendation, overruled Mr. Shores's objections, and denied his request to file a second amended complaint summarily, without addressing futility when explaining the denial of leave to amend.

In these circumstances, we conclude the district court erred by dismissing Mr. Shores's claims and denying his request to amend. *See Gee*, 627 F.3d at 1182 (reversing dismissal of prisoner's complaint where "it [did] not appear that the district court considered whether the defects . . . could be cured by amendment, and amendment would not necessarily be futile"); *Chilcoat*, 41 F.4th at 1217, 1218 (faulting unexplained "outright refusal" of leave to amend); *see also Harris v. Remington Arms Co.*, 997 F.3d 1107, 1111 (10th Cir. 2021) (when applying abuse of discretion standard, "we consider whether the district court 'present[ed] an explanation . . . sufficient to enable a reviewing court to determine that it did not act thoughtlessly, but instead considered the factors relevant to its decision and in fact exercised its discretion'").

We also conclude remand is required. The futility of amendment is a question of law we have sometimes been willing to address in the first instance on appeal. *See*

18

*Requena*, 893 F.3d at 1205–06 (resolving futility on appeal "as a matter of judicial economy"). But we decline to do so here, instead following the more usual practice that "[w]here an issue has not been ruled on by the court below, we generally favor remand for the district court to examine the issue." *Forth v. Laramie Cnty. Sch. Dist. No. 1*, 85 F.4th 1044, 1070 (10th Cir. 2023).

We therefore reverse and remand the dismissal of Mr. Shores's deliberate indifference claims against all defendants other than Harmonn and the two entity defendants, which we address below. On remand, the district court should either permit Mr. Shores to file a second amended complaint, or explain why doing so would be futile. *See Gee*, 627 F.3d at 1195; *Chilcoat*, 41 F.4th at 1218.

3. *The District Court Erred in Dismissing the Claim Against Lovern*

To prevail against Lovern, Mr. Shores "must demonstrate actual injury from interference with his access to the courts—that is, that [he] was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee*, 627 F.3d at 1191. The district court concluded he had "not plausibly alleged that he was unable to pursue a nonfrivolous claim." R. vol. 2 at 26.

But again, the district court did not address whether it would be futile to allow Mr. Shores to file a second amended complaint. In his objections and later supplemental filing, he asserted numerous additional facts he would allege to support this claim, including that Lovern's actions led him to file "defective" pleadings and contributed to the dismissal of his claims. *Id.* at 61. It is not so obvious amendment

19

would be futile that we will attempt to resolve the issue on appeal. *See Forth*, 85 F.4th at 1070. We therefore reverse and remand the dismissal of Mr. Shores's claim against Lovern and the denial of his request to amend this claim. On remand, the district court should either permit Mr. Shores to amend this claim or explain why doing so would be futile. *See Gee*, 627 F.3d at 1195; *Chilcoat*, 41 F.4th at 1218.

4. *Mr. Shores Has Waived Any Argument as to CCA and its Medical Contractor*

As the district court recognized, for a governmental entity "to be held liable [under § 1983] the [entity] itself must have generated the 'moving force' behind the alleged constitutional violation, either through official policy or widespread and pervasive custom." *Est. of Beauford v. Mesa Cnty.*, 35 F.4th 1248, 1275 (10th Cir. 2022) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). The same rule applies to "'private entities acting under color of state law,' such as medical contractors." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1144 (10th Cir. 2023) (quoting *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003)).

The district court dismissed Mr. Shores's deliberate indifference claim against CCA and its medical contractor because Mr. Shores did "not allege specific facts to show that his injuries were caused by an unconstitutional policy or custom." R. vol. 2 at 23. Mr. Shores's arguments on appeal do not challenge that conclusion. He maintains defendants were deliberately indifferent to his medical needs but does not argue any policy or custom caused the alleged Eighth Amendment violation. And he does not claim he could make such allegations by further amending his complaint. He has therefore waived any challenge to the dismissal of his claims against CCA and its

20

medical contractor. *See Iweha v. Kansas*, 121 F.4th 1208, 1232 (10th Cir. 2024) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

## C. Denial of Request to Appoint Counsel

In his objections to the magistrate judge's recommendation, Mr. Shores asked the district court to appoint counsel. The district court did not expressly acknowledge that request but implicitly rejected it by overruling his objections. We cannot discern whether it considered the relevant factors and circumstances, so we must reverse and remand. *See Harris*, 997 F.3d at 1111; *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) ("stress[ing] the necessity for the district court to give careful consideration to all the circumstances with particular emphasis upon certain [identified] factors that are highly relevant" when ruling on a motion to appoint counsel); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1423 (10th Cir. 1992) (remanding where "the district court gave no reason for its refusal to appoint counsel," and there was "no indication what considerations underl[ay] [its] decision"). If Mr. Shores renews his request for appointed counsel on remand, the district court should explain its reasons for either granting or denying his request.

## IV. Conclusion

For the reasons above, we (1) affirm the dismissal of Mr. Shores's claims against CCA and its medical contractor; (2) reverse the dismissal of his claims against all other defendants; (3) reverse the denial of his request to file a second amended complaint; and (4) reverse the implicit denial of his request to appoint

21

counsel. We remand for further proceedings consistent with this order and judgment. We grant Mr. Shores's motion to proceed on appeal without prepayment of costs or fees and remind him he is required to continue making partial payments until the filing fee is paid in full.

Entered for the Court


Veronica S. Rossman
Circuit Judge